359 S.E.2d 576

**STATE of West Virginia**

v.

**David L. ANDERSON.**

**No. 17136.**

Supreme Court of Appeals
of West Virginia.

July 16, 1987.

Gayle Fidler, Asst. Atty. Gen., for appellant.

John H. Shumate, Jr., Mt. Hope, for appellee.

PER CURIAM:

This is an appeal by David L. Anderson from an order of the Circuit Court of Fayette County entered on May 21, 1985. That order directed the defendant's transfer from the Anthony Center for Youthful Male Offenders to the State Penitentiary and reinstated a prior order sentencing him to from five to eighteen years in the State Penitentiary. On appeal the defendant claims that the circuit court erred in ordering his transfer from the Center for Youth-

ful Male Offenders to the State Penitentiary. We disagree, and we affirm the decision of the Circuit Court of Fayette County.

On July 8, 1982, the defendant pled guilty to a charge of non-aggravated robbery in the Circuit Court of Fayette County and was sentenced to from five to eighteen years in the State Penitentiary. However, since he qualified as a youthful male offender under W.Va.Code § 25–4–6, the circuit court, in lieu of committing him to the State Penitentiary, sentenced him to the Anthony Center for a period of not less than six months nor more than two years with the provision that upon completion of the program at the Anthony Center he would be returned to the Fayette County Circuit Court and placed on probation for the remainder of his sentence.

While at the Anthony Center the defendant was charged with four infractions of the resident code of conduct. The first charge involved an attempt by the defendant to smoke a cigarette in à restroom in violation of the resident code and in violation of the State fire codes. The defendant plead guilty to that charge. The second charge involved the defendant's encouraging another resident, Robert Holland, to disobey a disciplinary officer's order. After a hearing, the defendant was found guilty of that charge. The third charge grew out of an argument that the defendant had with another resident, Frank McIntosh. In spite of a disciplinary officer's intervention and order that they stop arguing, the defendant continued. A formal hearing was conducted on that charge and the defendant was found guilty. The fourth incident, which occurred on July 24, 1983, involved the defendant's threatening and attempting to fight another resident, Robert Easthom. Other residents had to restrain him. Later he "broke" away from a line of residents and started toward Easthom. A formal hearing was conducted on that charge, and, based on the testimony of Mr. Easthom, the disciplinary committee found the defendant guilty.

After the fourth charge, involving the incident which occurred on July 24, 1983,

the Superintendent of the Department of Corrections returned the defendant to the Circuit Court of Fayette County as being unfit to remain at the Anthony Center.

On August 17, 1983, the circuit court conducted a hearing on the remand. At the hearing the court determined, based on the disciplinary reports sent by the superintendent, that the defendant had committed the disciplinary violations and that he should be transferred from the Anthony Center. The court, as a consequence, reinstated the defendant's original sentence of from five to eighteen years in the State Penitentiary. Although the defendant was present for the August 17, 1983, hearing, along with appointed counsel, he was not afforded an opportunity to present evidence in his own behalf concerning the alleged violations.

On October 31, 1983, the defendant, who had been sent to Huttonsville Correctional Center for a classification evaluation, was returned to the Circuit Court of Fayette County. On that date the circuit judge denied his motion for probation and ordered that he be sent to the State Penitentiary. Again, the defendant was not afforded an opportunity to present evidence on the violations.

After being sent to the State Penitentiary, the defendant petitioned this Court for a writ of habeas corpus. In the petition he charged that his imprisonment was illegal since no proper evidentiary hearing had been conducted by the circuit court on the infractions leading to his dismissal from the Anthony Center. The writ was granted on December 24, 1983, and the case was remanded to the Circuit Court of Fayette County for a hearing. A hearing was held on March 1, 1985, almost two years after the reinstatement of the defendant's original sentence and his transfer to the State Penitentiary.

During the March 1, 1985, hearing extensive evidence was taken on the alleged infractions of the Anthony Center code of conduct. At the end of the hearing the trial court concluded that the defendant was guilty of the charged infractions and affirmed the reinstatement of the defen-

dant's penitentiary sentence. It is from that ruling that the defendant now appeals.

On appeal the defendant asserts that he was denied due process of law during the determination of his involvement in those infractions which led to his transfer from the Anthony Center.

In *Watson v. Whyte*, 162 W.Va. 26, 245 S.E.2d 916 (1978), this Court discussed the due process standards which apply in proceedings relating to transfers from the center for youthful male offenders. The Court ruled that minimum due process requirements applicable to probation proceedings applied. In the later case of *State v. Stuckey*, 174 W.Va. 236, 324 S.E.2d 379 (1984), the Court ruled that in a proceeding for transfer of a youthful offender, the youthful offender is entitled to the due process protections outlined in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976). In syllabus point 1 of *State v. Stuckey*, the Court stated:

> "A youthful male offender, sentenced to confinement in a special center pursuant to *W.Va.Code*, 25–4–6, is entitled to an evidentiary hearing when he is returned, as unfit, to the sentencing court and faces resentencing to the penitentiary; and he is entitled to counsel to assist him in the hearing before the sentencing court." Syllabus Point 2, *Watson v. Whyte*, 162 W.Va. 26, 245 S.E.2d 916 (1978).

In the *Watson* case the Court specifically stated that the due process requirements include:

> (a) written notice of the claimed violations ...; (b) disclosure ... of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body ...; and (f) a written statement by the fact finders as to the evidence called on and reasons for ... [the transfer].

*Watson v. Whyte*, 162 W.Va. at 32, 245 S.E.2d at 920. The Court also noted that, since the defendant would be confronted by a prosecutor, he was entitled to counsel. The Court, however, stated that the requirements of due process could be satisfied by a proper evidentiary hearing conducted in the original sentencing court. As indicated in *State v. Stuckey, supra*, the Court recognized that the institutional hearings are not transfer hearings, but are disciplinary hearings and concerned with single incidents. The question in disciplinary hearings is not whether the defendant is fit to remain in the Center, but whether disciplinary violations have occurred. The hearing before the circuit court is the hearing conducted for the purpose of determining whether the youthful offender is fit remain in the youthful center. It is the hearing at which the overall effect of all disciplinary violations is considered, and it is the proceeding at which there is a determination of whether the totality of a defendant's misconduct renders him unfit to remain at the Center. It is for that reason that the critical focus of the inquiry in a transfer proceeding is not what happened procedurally at the center for youthful male offenders, but whether due process, as outlined above, was satisfied during the transfer hearing before the circuit court.

In the present proceeding, the appellant first argues that he was entitled to counsel at the disciplinary hearings conducted at the Anthony Center before his initial transfer to the Circuit Court of Fayette County. He claims that the denial of counsel at that point denied him due process of law.

An examination of the record substantiates the defendant's assertion that he did not have counsel during the disciplinary proceedings conducted at the Anthony Center, but the record also shows he was represented by counsel at the final hearing conducted in the Circuit Court of Fayette County. As indicated in *Watson v. Whyte, supra*, although a defendant must be afforded counsel before being transferred from the center for youthful male offenders, it is not necessary that counsel be provided at the institution. It is sufficient

if counsel is provided during the hearing before the court which recommits him to the penitentiary. In the present case that requirement was satisfied.

■ The defendant next argues that he was not afforded a hearing before a neutral and detached hearing body at the institution. In *Harrah v. Leverette*, 165 W.Va. 665, 271 S.E.2d 322 (1980), the Court recognized that for a hearing body to be neutral and detached in a disciplinary proceeding, no member of the hearing body may have personal knowledge of the incident charged. This does not mean that a member is prohibited from having knowledge of other unrelated incidents involving the inmate. *See United States ex rel. Silverman v. Commonwealth of Pennsylvania*, 527 F.Supp. 742 (W.D.Pa.1981), aff'd, 707 F.2d 1397 (3rd Cir.1983). In the present case, no member of the hearing committee was a reporting officer or witness to the charge being heard. Accordingly, the record fails, in this Court's opinion, to establish that the hearing body was not neutral and detached.

■ The defendant's final assertion relating to due process is that the regulations under which he was charged were unconstitutionally vague and failed to apprise him of prohibited conduct. The record, however, indicates that, as an example, the defendant was reminded daily that smoking in school buildings was a disciplinary violation and that signs were posted making that point clear. Likewise, disciplinary rule II–1 apprised residents that disobedience to Center employees and intimidation of other residents constituted violations. An examination of the circumstances of the case shows that the defendant was clearly informed of what actions constituted various categories of violations. Under the circumstances, this Court believes that the regulations were adequate to notify the defendant of the impropriety of his actions.

■ In addition to his due process claims, the defendant argues that his transfer from the Anthony Center and the reinstatement of his original sentence was unconstitutional because of the nearly two-year delay of the State in conducting a proper evidentiary hearing in the case.

A review of the record indicates that the defendant was charged with committing a violation of one of the regulations of the Anthony Center on July 24, 1983. A hearing was held on that violation on July 26, 1983. Although the subsequent transfer hearing conducted by the circuit court was defective since the defendant was not afforded an opportunity to present evidence in his own behalf, a constitutionally adequate hearing was ultimately held following the issuance of the writ of habeas corpus by this Court. At that hearing, witnesses who gave relevant testimony were present. While the defendant argues that he had lost contact with certain witnesses who could have testified in his behalf between the time of the initial violation and the final hearing, the defendant has failed to establish what their testimony would have been and has failed to show prejudice because of the delays involved.

Next, the defendant claims that the sentence which he received was disparate and grossly disproportionate to the crime with which he was charged.

■ The defendant was sentenced to from five-to-eighteen in the State penitentiary. A five-to-eighteen-year sentence is the sentence established by *Wa.Va.Code*, 61–2–12 for the crime with which the defendant was charged.

In syllabus point 4 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981), this Court stated:

> While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.

*See, State v. Houston*, 166 W.Va. 202, 273 S.E.2d 375 (1980). In the similar case of *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982), the Court stated that where a sentence is within statutory limits and is not based upon some impermissible factor, it is not subject to appellate review. In the present case it appears that the five-to-eighteen-year sentence imposed upon the defendant is within the statutory limits set by *W.Va.Code*, 61–2–12.

Finally, the defendant claims that he raised a reasonable doubt as to the happening of certain disciplinary infractions at the Anthony Center, and that, in view of the fact that he raised a reasonable doubt, the question of his fitness to remain at the Anthony Center should have been resolved in his favor.

During the final hearing in the case, substantial evidence was introduced relating to the defendant's infractions. As an example, the defendant was charged with threatening other residents on a basketball court. Office Delp, one of the officers at the Center, testified that during this incident the defendant threatened to fight with Robert Easthom, and that other residents of the Center had to restrain the defendant. Later, when the residents were in line, the defendant "broke" line, and started toward Mr. Easthom. Another officer, Officer Gillie, testified that the defendant was arguing with Mr. Easthom and that he had to ask the defendant to be quiet. Officer Gillie also testified that the defendant "broke" the line of residents. The defendant denied the incident and testified that the testimony of the officers was twisted.

The defendant's argument appears to be that because he contradicted the testimony adduced by the State, he is entitled to have his contradictory evidence believed and a decision based solely on it. The evidence adduced by the State, although contradicted by the defendant, was sufficient to support the charges against the defendant and sufficient to support the circuit court's conclusion that transfer from the Anthony Center was justified. On three separate occasions the defendant was involved in infractions which involved discipline and order at the institution. During the last he made threats of physical violence against a fellow resident.

For the reasons stated, the judgment of the Circuit Court of Fayette County is affirmed.

Affirmed.