396 S.E.2d 198

**STATE of West Virginia**

v.

**Virgil GLOVER.**

**No. 19133.**

Supreme Court of Appeals of West Virginia.

July 25, 1990.

Neal Jay Hamilton, Fairmont, for Virgil Glover.

Jay Montgomery Brown, Pros. Atty., Fairmont, for State.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Marion County, dated September 21, 1988, which ruled that the defendant below, Virgil Glover, was not entitled to a new trial. The defendant asserts that the failure of his trial attorney to file a timely notice of alibi defense amounts to ineffective assistance of counsel. We agree, and we reverse the judgment of the circuit court.

On May 23, 1984, the defendant was convicted of aggravated robbery and malicious wounding after a jury trial in the Circuit Court of Marion County.

The State's evidence at trial was that sometime between 4:30 p.m. and 5:30 p.m. on December 2, 1983, the defendant and several other men beat and robbed the victim after offering him a ride home. The defendant testified that he spent the entire day recovering from a hangover at the home of his sister in an area called Four States, a twenty-five minute drive from the scene of the crime in Fairmont. Because defense counsel failed to file a timely notice of alibi defense, as required by Rule 12.1 of the West Virginia Rules of Criminal Procedure, the trial court refused to allow other witnesses to corroborate the defendant's alibi testimony.[1]

The defendant appealed to this Court, partly on the ground of ineffective assistance of counsel. In *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987), we held that the failure to file a timely notice of alibi might constitute ineffective assistance of counsel, but concluded that the appeal record was inadequate to allow us to make a final determination on the merits of the defendant's claim. We remanded the case for further proceedings.[2]

On July 13, 1987, an evidentiary hearing was conducted before the circuit court. The uncontested evidence showed that the defendant's trial counsel had not initially responded to the State's demand for notice of an alibi defense in March, 1984, because he was engaged in plea negotiations which seemed likely to result in an agreement. These negotiations continued until the first part of May, 1984, when the defendant rejected the proposed agreement.[3] On May

---

1. W.Va.R.Crim.P. 12.1 provides, in pertinent part:

    "**Notice of Alibi.** (a) *Notice by Defendant.* Upon written demand of the attorney for the state stating the time, date and place at which the alleged offense was committed, the defendant shall serve within 10 days, or at such different time as the court may direct, upon the attorney for the state a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

    \* \* \* \* \* \*

    "(d) *Failure to Comply.* Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of an undisclosed witness offered by such party as to the defendant's absence from or presence at the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf." The defendant does not challenge the propriety of the trial court's ruling excluding the testimony from trial.

2. In Syllabus Point 3 of *Glover,* we stated:

    "Where the record on appeal is inconclusive as to whether counsel failed to investigate the sole possible defense or a material defense adequately and with reasonable diligence, this Court will not decide on such a record whether a criminal defendant was denied effective assistance of counsel but will remand the case for development of the record on the point and for a ruling by the trial court on the question."

3. The defendant testified that he refused the plea bargain because the State would not rule out enhanced punishment for recidivism. *See* W.Va.Code, 61–11–18 (1943); W.Va.Code, 61–11–19 (1943).

8, 1984, the defense obtained a continuance, delaying the start of trial until May 22, 1984. The notice of alibi defense was not filed until May 21, 1984, and none of the potential alibi witnesses was interviewed by defense counsel until the first day of trial.

Trial counsel testified that he and the defendant did not seriously discuss the alibi defense until the plea negotiations ended in early May, at which time the defendant gave him the names, but not the addresses or telephone numbers, of potential alibi witnesses. According to counsel, the defendant told him not to approach the alibi witnesses until his girlfriend had an opportunity to talk to them and learn their testimony. Counsel further testified that he did not hear from the defendant's girlfriend until May 16, 1984, at which time she refused to assist the defense. Counsel testified that he immediately subpoenaed all of the potential alibi witnesses and prepared the notice of alibi. He asserted that the notice was not filed until the day before trial due to clerical delays.

The defendant testified that he had provided his attorney with the names of his witnesses even before the preliminary hearing and had advised counsel that all of the witnesses lived in the Four States area and that most had no telephone. The defendant denied that he had told his attorney to refrain from or delay talking to the witnesses and testified that counsel had never warned him that they would not be able to testify at trial if their names were not provided to the prosecution by a certain time.

The defendant's sister and niece corroborated his alibi. They and other potential alibi witnesses testified that trial counsel had never contacted them to learn their testimony prior to trial, although neither had they contacted the defendant's attorney with respect to the defendant's alibi.

By letter dated November 12, 1987, the circuit judge advised the State and defense counsel that he found no basis for holding that the defendant was prejudiced by ineffective assistance of counsel at trial. The circuit court found the testimony of trial counsel credible and his actions appropriate in the circumstances. The court further found that "any alibi testimony which might have been permitted at ... trial would have been, in all likelihood, perjured testimony." Based on these findings, the court, by order dated September 21, 1988, held that the defendant had not been denied effective assistance of counsel and was not entitled to a new trial.

The general rules with respect to ineffective assistance claims remain those laid down in *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974). In Syllabus Points 19 and 22 of *Thomas,* the Court stated:

"19. In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error."

"22. One who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence."

In *Marano v. Holland,* 179 W.Va. 156, 172, 366 S.E.2d 117, 133 (1988), we summarized the rule: "[A] defendant who asserts a claim of ineffective assistance of counsel must prove (1) that his legal representation was inadequate, and (2) that such inadequacy prejudiced his case. Much the same standards are found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Accord State v. Spence,* 182 W.Va. 472, 388 S.E.2d 498 (1989).

In Syllabus Point 2 of *State v. Glover, supra,* we stated:

"Ineffective assistance of counsel is established when it is proved that counsel for a criminal defendant failed to investigate adequately a purported alibi defense and consequently failed to contact, subpoena and call alibi witnesses who were willing and able to testify for the defendant in a case in which the alibi was the defendant's sole possible defense or a material defense."

See *State v. Chamberlain*, 178 W.Va. 420, 359 S.E.2d 858 (1987). We declined to hold in *Glover* that the unexplained failure to give a notice of alibi, by itself, would demonstrate ineffective assistance. *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988). Instead, the determination of whether the failure to file a notice of alibi defense within the requirements of W.Va. R.Crim.P. 12.1 constitutes ineffective assistance of counsel depends on the facts and circumstances of each case.

■ In this case, trial counsel had almost two months to respond to the State's demand for notice of an alibi defense. To be sure, the greater part of that time was taken up by counsel's efforts to negotiate a plea agreement, a matter of strategy or tactics which might preclude a finding of ineffective assistance.[4] *See State v. Watson*, 164 W.Va. 642, 264 S.E.2d 628 (1980).

It is agreed, however, that by May 8, 1984, counsel was fully aware that the defendant was going to trial in two weeks. It is also clear that counsel was aware of the names and general whereabouts of the potential alibi witnesses at that time. Defense counsel admitted at the hearing below that the defendant's only viable defense at trial was alibi. Yet counsel waited until the day before trial to file the notice of alibi and until the first day of trial to interview the witnesses. As a result, the defense was precluded from introducing any evidence to corroborate the defendant's alibi testimony. In such circumstances, we believe the defendant has met his burden of proving that he was prejudiced by counsel's omission.

The State, however, argues that defense counsel's failure to file timely notice of alibi defense should be excused in this case. The State contends that the defendant refused to cooperate with his trial attorney by not providing the names and addresses of the potential witnesses in a timely fashion and by forbidding counsel to interview these witnesses until his girlfriend spoke to them.

In *State v. Glover, supra,* we recognized that defense counsel's failure to file a notice of alibi defense may be excused by the defendant's refusal to cooperate by failing "to timely inform defense counsel of the existence, identity and addresses of potential alibi witnesses." 177 W.Va. at 655, 355 S.E.2d at 636. In the cases we relied upon in stating this rule, however, the defendant did not provide his attorney with the critical information until after the expiration of the disclosure period or after the commencement of trial. *See United States v. Barron*, 575 F.2d 752 (9th Cir.1978); *People v. Elder*, 73 Ill.App.3d 192, 29 Ill.Dec. 140, 391 N.E.2d 403 (1979); *Pickens v. State*, 549 S.W.2d 910 (Mo.App.1977). Here, it is uncontested that the defendant divulged this information to his attorney no later than May 8, 1984. Defense counsel was fully aware of all the information he needed to prepare and file the notice of alibi fourteen days prior to trial. In view of the fact that his client had no other defense at trial, defense counsel was obligated to protect the defendant's right to assert that defense by filing the notice and interviewing the witnesses as quickly as possible.

■ Nor does the fact that the defendant instructed his attorney to delay in interviewing the potential witnesses excuse his failure to file a timely notice of alibi. In *Asbury v. Mohn*, 162 W.Va. 662, 256 S.E.2d 547 (1979), the defendant accused

---

4. In Syllabus Point 21 of *State v. Thomas, supra,* we stated:

"Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused."

his counsel of ineffective assistance for complying with defendant's explicit instructions not to prosecute an appeal from his grand larceny conviction. In rejecting this claim, we stated: "It is too much to ask of counsel that in order that he be considered effective he must act directly contrary to his client's directions in a matter where the client's choice involves no legal judgment that the lawyer should overrule." 162 W.Va. at 666, 256 S.E.2d at 549. Clearly, the interviewing of the alibi witnesses and the filing of the notice of alibi in this case were matters involving "legal judgment." Defense counsel's failure to exercise such judgment cannot be excused on the ground that he was relying on the defendant's instructions.

Finally, the State asserts that the failure to file the notice was excused by the fact that the alibi was fabricated. In *State v. Glover, supra,* we recognized that counsel is not required to present perjured testimony at trial and that "the amount of time it took for trial counsel to ferret out the veracity or the strength of the purported alibi witnesses' testimony may constitute good cause for the untimely notice of alibi. Counsel has no duty to manufacture a defense if in fact none existed." 177 W.Va. at 656, 355 S.E.2d at 637. (Citations omitted).

Here, counsel for the defendant testified that the defendant had earlier offered a different alibi and that he took the defendant's instructions to delay interviewing the potential alibi witnesses to mean that the alibi "might still be in flux." The prosecution then asked if the alibi was being developed, to which counsel responded: "Well, they had—they hadn't talked to everybody about it yet, and that was my opinion that it wasn't ripe for the picking at the time." When the circuit court finally asked whether counsel thought the defendant and the witnesses were making up the alibi, counsel responded: "Well, I'll say that I thought that perhaps it hadn't been made up at that point." Counsel also testified that the defendant instructed him not to talk to the alibi witnesses only after he had interviewed another prospective witness who had failed to corroborate the defendant's statements as to his whereabouts on December 1, 1983.

We find nothing in the record, however, to justify the conclusion that the delay in filing the notice of alibi was due to defense counsel's reluctance to offer perjured testimony. Although defense counsel's testimony indicates that at one time he had suspicions, he never testified that he believed the alibi was fabricated. Moreover, defense counsel thereafter filed the notice and subpoenaed the alibi witnesses without interviewing them and was prepared to offer their testimony at trial to corroborate the defendant's alibi. Consequently, the delay in filing the notice of alibi cannot be excused on this ground.

In addition, there is no evidence in the record demonstrating that the alibi testimony was patently false. It is true that the corroborating testimony came from the defendant's relatives, contained inconsistencies, and was directly contradicted by other witnesses. These, however, are circumstances reflecting on the credibility of the alibi testimony, which can be tested at trial by cross-examination and impeachment techniques. The trial court's belief that certain of the witnesses were more credible than others in this regard is not at issue. The testimony corroborates the defendant's alibi, and its exclusion could very easily have affected the outcome of the trial.

For the reasons stated, we reverse the judgment of the Circuit Court of Marion County, set aside the conviction, and remand for a new trial.

Reversed and remanded.

BROTHERTON, J., dissents.