456 S.E.2d 199

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Joseph FARR, Defendant Below, Appellant.**

No. 22305.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1995.

Decided March 3, 1995.

George J. Cosenza, Cosenza & Underwood, Parkersburg, for appellant.

Darrell V. McGraw, Jr., Atty. Gen., Shawn Taylor, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an appeal from the September 17, 1993, order of the Circuit Court of Wood County wherein appellant, Joseph Farr, upon pleading guilty to three counts of breaking and entering, was sentenced to three terms in the penitentiary of one to ten years to be served consecutively to each other as well as to any other existing sentences. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, the order of the circuit court is affirmed.

I

On January 26, 1991, the appellant and a juvenile companion committed the first in a string of breaking and enterings in Wood County, West Virginia. Over a period of several days, the pair forcibly entered various fast food restaurants in the Parkersburg and Vienna areas and, for the purpose of stealing money, used an eight-pound sledge hammer and a hand-held carpenter's hammer to break open cash registers. They proceeded to further vandalize the establishments by destroying video display terminals and other pieces of equipment. The amount of damage was estimated at $40,000 to $50,-000.

The pair then travelled to Knoxville, Tennessee. When their money ran out, they used a sawed-off shotgun to rob the First Tennessee Bank of approximately $12,800 on February 1, 1991. They subsequently drove to Atlanta, Georgia where they rented a room at the Ritz–Carlton Hotel, hired limousines and went on various shopping sprees. When they again ran short of funds, the pair committed a second armed robbery, similar to the first, of Trust Company Bank in the Atlanta suburb of Chamblee, Georgia on February 5, 1991. Though they absconded with approximately $21,000, almost $16,000 was discovered in the wooded area behind the bank. The dye packs had apparently exploded in the cloth bag in which the money was being carried, forcing the pair to abandon their loot.

Several days later, representatives of the Ritz–Carlton Hotel contacted Atlanta police when the appellant and the juvenile failed to pay their $1800 hotel bill. The pair was subsequently arrested for theft of services. Eventually, they were arrested for and admitted to the armed robberies in Georgia and Tennessee, as well as the crimes in West Virginia.

When the appellant began his crime spree, he was nineteen years old and had no prior criminal record. He has explained his aberrant criminal behavior as the result of being rejected by all branches of the armed forces. Appellant, who had long aspired to join the military, attempted to enlist when the Persian Gulf war broke out in January of 1991. However, due to a congenital deformity in his right hand, he was summarily rejected.[1] It was this rejection that apparently sparked the multistate crime spree.

Appellant was sentenced in the United States District Court for the Northern District of Georgia to forty-five months imprisonment followed by five years of supervised release for armed bank robbery committed in Tennessee. He also pled guilty in DeKalb County (Georgia) Superior Court to charges of armed robbery, violation of the Georgia Firearms and Weapons Act and possession of a firearm during the commission of a crime. He was sentenced to ten years imprisonment, was ordered to serve five years and was to be placed on probation five years. This sentence was ordered to run concurrently with the federal sentence previously imposed.

---

1. According to appellant, one military recruiter crudely stated that, because of his deformity, appellant was not a "real man."

On August 6, 1993, appellant entered an agreement with the State of West Virginia in which he pled guilty to three counts of breaking and entering in Wood County.[2] The plea agreement stated that appellant would be subject to "a possible sentence of confinement in the penitentiary for not less than one (1) nor more than ten (10) years on each charge." It was further acknowledged that the sentence to be imposed was to be left to the sole discretion of the circuit court, including whether the sentences will run consecutively or concurrently with each other or with any other sentences the appellant was then currently serving. Appellant was sentenced to three sentences in the penitentiary of one to ten years, to be served consecutively to each other and to the other sentences previously imposed.[3] Pursuant to Rule 35 of the *West Virginia Rules of Criminal Procedure,* appellant filed a motion for a reduction of sentence. That motion was denied by order entered January 25, 1994. It is from this order that appellant now appeals.

## II

Appellant's sole contention on appeal is that the consecutive penitentiary sentences imposed upon him by the Circuit Court of Wood County violate the proportionality principle of article III, § 5 of the *West Virginia Constitution.* This principle, expressed in our cruel and unusual punishment counterpart of the Eighth Amendment of the *United States Constitution* provides, in relevant part: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence." *West Virginia Constitution,* art. III, § 5. *See* syl. pt. 4, *State v. Cooper,* 172 W.Va. 266, 304 S.E.2d 851 (1983); syl. pt. 8, *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980).

Appellant correctly points out that this Court has traditionally scrutinized the constitutionality of sentences in light of the proportionality principle. *State v. Fortner,*

182 W.Va. 345, 364, 387 S.E.2d 812, 831 (1989); *State v. Glover,* 177 W.Va. 650, 658, 355 S.E.2d 631, 639 (1987), *overruled on other grounds,* 183 W.Va. 431, 396 S.E.2d 198 (1990). We have also recognized, however, that this principle does not apply to every sentence imposed. *Fortner,* 182 W.Va. at 364, 387 S.E.2d at 831. In syllabus point 4 of *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981), we held: "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." *See, e.g.,* syl. pt. 7, *State ex rel. Boso v. Hedrick,* 182 W.Va. 701, 391 S.E.2d 614 (1990); syl. pt. 16, *Fortner, supra;* syl. pt. 2, *State v. Anderson,* 178 W.Va. 348, 359 S.E.2d 576 (1987). Indeed, we reiterated in both *Wanstreet,* 166 W.Va. at 531–32, 276 S.E.2d at 211 and *Fortner,* 182 W.Va. at 364, 387 S.E.2d at 831:

'It should be noted that the robbery by violence statute is one of the few criminal statutes in our jurisdiction that enables the court to set a determinate sentence without reference to any statutory maximum limit. With the exception of the life recidivist statute discussed in *State v. Vance,* [164 W.Va. 216, 262 S.E.2d 423 (1980) ], *we do not believe that the disproportionality principle can have any significant application other than to this type of sentencing statute.'*

(*quoting State v. Houston,* 166 W.Va. 202, 209, 273 S.E.2d 375, 379 (1980)) (footnote omitted and emphasis added).

*W.Va.Code,* 61–3–12 [1923], prescribes the penalty for the offense of breaking and entering, providing, in part:

If any person shall, at any time, break and enter, or shall enter without breaking, any office, shop, storehouse, warehouse, banking house, or any house or building, other than a dwelling house or outhouse adjoining thereto or occupied therewith, . . . within the jurisdiction of any county in

---

**2.** The State agreed not to pursue three additional counts.

**3.** Appellant retained counsel from the State of Georgia to represent him in West Virginia. Appellant has retained different counsel on appeal, however. *See* n. 4, *infra.*

this State, with intent to commit a felony or any larceny, he shall be deemed guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years.

Pursuant to this statute the trial judge sentenced appellant to one to ten years for each of the three offenses of breaking and entering to which appellant pled guilty. These sentences are clearly within the parameters of the statute. The trial judge further ordered the sentences to run consecutively to each other and to the other sentences previously imposed, a decision wholly within his discretion. *W.Va.Code,* 61–11–21 [1923]; *Fortner,* 182 W.Va. at 364, 387 S.E.2d at 831; *Keith v. Leverette,* 163 W.Va. 98, 102, 254 S.E.2d 700, 703 (1979). Considering all of the above, we cannot say that the imposition of consecutive sentences upon this appellant constitutes cruel and unusual punishment.[4]

Furthermore, it is this Court's practice not to interfere with a sentence imposed within legislatively prescribed limits, *Cooper,* 172 W.Va. at 271, 304 S.E.2d at 855, so long as the trial judge did not consider any impermissible factors. *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982). Indeed, we have previously held: " 'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. pt. 2, *State v. Farmer,* 193 W.Va. 84, 454 S.E.2d 378 (1994). We have determined that the sentence imposed upon appellant does not violate the cruel and unusual punishment provision of the *West Virginia Constitution.* Moreover, appellant does not otherwise allege nor does the record suggest that the trial judge based such sentence on any impermissible factors. We conclude, therefore,

that the order of the Circuit Court of Wood County, denying appellant's motion to reduce his sentence, be affirmed.

Affirmed.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.

---

4. We note that the record before us does not reveal under what conditions appellant entered the plea agreement. For instance, it is unclear as to why the agreement left the sentences to be imposed to the sole discretion of the trial judge, including whether they were to run consecutively or concurrently. This is especially troubling considering the previous sentences imposed for armed robbery were ordered to run concurrently with each other. The record is sparse and it is not discernible as to why such a plea agreement was made. Certainly, the dismissal of three counts could be a reason. Appellate counsel may wish to explore these issues and more fully develop the record in a habeas corpus proceeding. *See generally Gibson v. Dale,* 173 W.Va. 681, 319 S.E.2d 806 (1984). *See also* syl. pt. 7, *State v. Julius,* 185 W.Va. 422, 408 S.E.2d 1 (1991).