**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1048** (Roane County 11-F-39)

**Justin Estep,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Justin Estep, by counsel Paul A. Montgomery, appeals his conviction for several crimes set forth below and resulting sentencing order entered by the Circuit Court of Roane County. The State of West Virginia, by counsel Scott E. Johnson, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2010, petitioner and a co-defendant below went into the home of James Dodge, the victim, where they struck Mr. Dodge, causing physical injury, and removed items from the residence. Petitioner was indicted for one count of kidnapping, one count of first degree robbery, one count of burglary, one count of malicious assault, one count of petit larceny, four counts of conspiracy to commit a felony, and one count of conspiracy to commit a misdemeanor. Without objection, the circuit court dismissed the petit larceny and conspiracy to commit a misdemeanor counts.

Prior to trial, petitioner filed a motion to exclude evidence of flight. At the pretrial hearing, Roane County Chief Deputy Sheriff Todd Cole testified that he obtained a warrant for petitioner's arrest. He then notified petitioner's family members and contacts, including petitioner's wife, of the warrant and contacted the U.S. Marshal Service's fugitive task force regarding the warrant. A witness, Jessica Wolfe, testified that petitioner acknowledged to her that he had heard rumors that he was being sought by police. Petitioner conducted his action so as to evade law enforcement officials and eventually left the county. As a result, the circuit court found that petitioner took evasive action from police in order to avoid arrest. Therefore, the flight evidence was deemed admissible during the State's case-in-chief, though such evidence was limited to post-warrant conduct.

1

During trial, the State identified property taken from Mr. Dodge including a Black and Decker tool kit. At trial, Mr. Dodge identified State's Exhibit No. 3 as the tool set that was stolen from him. Following the jury trial, petitioner was found guilty of first degree robbery, burglary, malicious assault, conspiracy to commit first degree robbery, conspiracy to commit burglary, and conspiracy to commit malicious assault. Petitioner was acquitted of kidnapping and conspiracy to commit kidnapping. On June 25, 2012, petitioner appeared for sentencing. The circuit court noted that although petitioner was young and had no significant prior criminal history, "the record that [he] made in this one night is a significant record." The circuit court went on to discuss the necessity of incarceration in this instance due to the violent nature of the crime. Petitioner was sentenced to fifty years for the robbery conviction, two to ten for malicious assault, one to five for conspiracy to commit burglary, one to five for conspiracy to commit malicious assault, and one to five for conspiracy to commit burglary. All sentences were to run concurrent to the robbery sentence. The sentencing order was entered on August 7, 2012. Petitioner appeals both the jury verdict and the resulting sentencing order.

Petitioner sets forth six assignments of error on appeal. First, he argues that because evidence of purported flight by petitioner was offered by the State to show guilty conscience or knowledge, petitioner was unfairly prejudiced at trial. Petitioner's second assignment of error is that the circuit court abused its discretion in admitting irrelevant evidence of State's Exhibit No. 3, the Black and Decker toolbox, because foundational evidence was so insufficient. The third alleged error is that because the outcome of the trial could have had a different result but for the jury inferring guilt from Exhibit No. 3 and flight evidence, cumulative error occurred denying petitioner a fair trial. The fourth assignment of error is that the circuit court erred by ordering cumulative punishments upon petitioner for his single conspiracy to commit robbery in the first degree, conspiracy to commit malicious wounding, and conspiracy to commit burglary. Petitioner's fifth assignment of error relates to the circuit court's denial of his motion for youthful offender status. Petitioner asserts that the circuit court declined to exercise sound discretion, foregoing any determination of fitness for treatment based on factors relating to background, rehabilitation prospects, and any finding of fact that he is or is not likely to respond to the rehabilitative atmosphere of a youthful offender center. The final alleged error is that because fifty years of incarceration for petitioner is so grossly disproportionate to the crime, his age, and prior record, it shocks the conscience and does not pass a societal and judicial sense of justice.

Petitioner first argues that the purported flight evidence was offered by the State because it showed guilty conscience or knowledge, so it was unfairly prejudicial. Petitioner moved to suppress evidence of purported flight. The circuit court held an in camera hearing during which it heard testimony and argument. Chief Deputy Cole testified that he obtained an arrest warrant for petitioner in February of 2011. Witness Jessica Wolfe testified that when she was living in a car with petitioner outside of Roane County in February of 2011, she drove the car down a side road to avoid police because petitioner had "pretty much figured out" that police were looking for him. Ms. Wolfe also testified as to conversations with petitioner regarding the police looking for petitioner. Based on that testimony, the circuit court found that petitioner was aware that an arrest warrant had been issued for him and that he absented himself from Roane County.[1] The

_____
[1] Petitioner eventually turned himself in to law enforcement officers in Boone County, West Virginia.

circuit court ruled, however, that such evidence would be limited to evidence related to events occurring after the warrant was issued. "'In certain circumstances evidence of the flight of the defendant will be admissible in a criminal trial as evidence of the defendant's guilty conscience or knowledge. Prior to admitting such evidence, however, the trial judge, upon request by either the State or the defendant, should hold an in camera hearing to determine whether the probative value of such evidence outweighs its possible prejudicial effect.' Syl. Pt. 6, *State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981)." *State v. Jessie*, 225 W.Va. 21, 33, 689 S.E.2d 21, 33 (2009). Further, "'[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994)." Syl. Pt. 2, *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006). *Accord* Syl. Pt. 7, *State ex rel. Weirton Med. Ctr. v. Mazzone*, 214 W.Va. 146, 587 S.E.2d 122 (2002); Syl. Pt. 6, *State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983); Syl. Pt. 1, *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), overruled on other grounds by *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003); Syl. Pt. 1, *State v. Morris*, 227 W.Va. 76, 705 S.E.2d 583 (2010). It is undisputed that the circuit court conducted an in camera hearing. It is apparent from the record that at the conclusion of that hearing, the circuit court determined that the probative value of such evidence is outweighed by the possible prejudicial effect. The circuit court also limited the time period for which flight evidence could be introduced. Based on the record in this matter, we find that the circuit court did not abuse its discretion in allowing the admission of limited flight evidence.

Petitioner's second assignment of error is that the circuit court abused its discretion in admitting the irrelevant evidence of State's Exhibit No. 3 because the foundational evidence was insufficient. Petitioner argues that the State claimed that witness Maria McLaughlin took possession of a toolbox from petitioner; however, Ms. McLaughlin could not identify that toolbox at trial. The State questioned the witness about seeing "this toolbox," and petitioner's counsel objected, stating that the witness had not identified "this toolbox." The circuit court clarified the matter on the record by stating, "Let's make it clear that the toolbox you're referring to as this tool box is this tool box that she says she received, not necessarily the toolbox on that desk over there, understood?" The State continued questioning the witness about "that toolbox," and petitioner objected. The State informed the circuit court that it was trying to establish that this toolbox would have been received somewhere in that time frame, and the court overruled the objection. As set forth above, "'[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994)." Syl. Pt. 2, *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006). *Accord* Syl. Pt. 7, *State ex rel. Weirton Med. Ctr. v. Mazzone*, 214 W.Va. 146, 587 S.E.2d 122 (2002); Syl. Pt. 6, *State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983); Syl. Pt. 1, *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), overruled on other grounds by *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003); Syl. Pt. 1, *State v. Morris*, 227 W.Va. 76, 705 S.E.2d 583 (2010). Further, as argued by the State, "[a] party challenging a circuit court's evidentiary rulings has an onerous burden because a reviewing court gives special deference to the evidentiary rulings of a circuit court." *W.Va. Dep't of Transp. v. Parkersburg Inn, Inc.*, 222

W.Ca. 688, 693, 671 S.E.2d 693, 698 (2008) (quoting *Genrty v. Mangum*, 195 W.Va. 512, 518, 466 S.E.2d 171, 177 (1995)). Based on the testimony and evidence related to the toolbox, we find that the circuit court did not abuse its discretion in permitting the admission of this exhibit, particularly in light of the circuit court's statement that the toolbox discussed by the witness is not necessarily the toolbox present in the courtroom as Exhibit No. 3.

Petitioner's argument on his third assignment of error is that because the outcome of the trial could have been different but for the jury allegedly inferring guilt from the irrelevant evidence surrounding Exhibit No. 3 and flight evidence, cumulative error occurred. Petitioner admits that numerous errors do not abound, but he asserts that the first two errors are unfairly prejudicial, calling into doubt his substantial right to a fair trial. Petitioner's contention is without merit because this Court has already found that petitioner's first two assignments of error are without merit. Where no error is shown, the cumulative error doctrine is inapplicable; thus, there can be no cumulative error in the matter. *See State v. Knuckles*, 196 W.Va. 416, 425-26; 473 S.E.2d 131, 140-41 (1996).

The fourth assignment of error is that the circuit court erred by ordering cumulative punishments upon petitioner for his single conspiracy, as applied under the plain meaning of the general criminal conspiracy statute, for the convictions of conspiracy to commit robbery in the first degree, conspiracy to commit malicious wounding, and conspiracy to commit burglary. Petitioner contends that he received multiple punishments for violating the general conspiracy statute, West Virginia Code § 61-10-31, which amounts to double jeopardy. Petitioner admits that he failed to raise this issue below, but argues that this assignment of error is proper because most double jeopardy claims arising from sentencing may be raised for the first time on appeal pursuant to *State v. Sears*, 196 W.Va. 71, 75 n.5, 468 S.E.2d 324, 328 n.5 (1996). Petitioner further states that the issue is properly raised within the time period because a motion for reduction of sentence is proper when filed within 120 days after the entry of a mandate by this Court, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. It is undisputed that petitioner was charged under the indictment with multiple counts of West Virginia's general conspiracy statute, West Virginia Code § 61-10-31. He was convicted and sentenced under Counts 7, 8, and 9 of the indictment for violating West Virginia Code § 61-10-31, and he was sentenced for three counts of felony conspiracy.

> The following factors are normally considered under a totality of circumstances test to determine whether one or two conspiracies are involved: (1) time; (2) persons acting as co-conspirators; (3) the statutory offenses charged in the indictments; (4) the overt acts charged by the government or any other description of the offenses charged which indicate the nature and the scope of the activity which the government sought to punish in each case; and (5) places where the events alleged as part of the conspiracy took place. These factors are guidelines only. The essence of the determination is whether there is one agreement to commit two crimes, or more than one agreement, each with a separate object.

Syl. Pt. 8, *State v. Johnson*, 179 W.Va. 619, 371 S.E.2d 340 (1988). Petitioner argues that under this standard, he could only be convicted of a single conspiracy. Therefore, he contends that the separate sentences received for each of these counts of conspiracy are cumulative and constitute

plain error. Petitioner also argues that concurrent sentencing does not cure violations of constitutional double jeopardy provisions prohibiting multiple punishments for the same offense.

The State contends that because petitioner failed to raise this issue below, he is limited to plain error. The State correctly points out that petitioner failed to produce a trial transcript, so the record is not developed on this issue.[2] This Court has repeatedly said, "'[a]n appellant must carry the burden of showing error in the judgment of which he complains. . . . Error will not be presumed, all presumptions being in favor of the correctness of the judgment.' Syllabus Point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966)." Syl. Pt. 2, *W.Va. Dep't of Health and Hum. Res. Emps. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Due to petitioner's failure to raise this alleged error below or provide an adequate record to this Court, this Court declines to address this assignment of error.

Petitioner next contends that the circuit court committed reversible error when it declined to exercise sound discretion in denying petitioner's motion for youthful offender status.[3] Petitioner's motion for treatment as a youthful offender was made at sentencing, rather than at a hearing on a motion for reconsideration of sentence. Petitioner asserts that the sentencing order fails to set forth findings of fact or conclusions of law on petitioner's motion applying the factors to be considered when exercising sound discretion in deciding youthful offender treatment.[4] "Classification of an individual as a youthful offender rests within the sound discretion of the circuit court." *State v. Allen*, 208 W.Va. 144, 157, 539 S.E.2d 87, 100 (1999). West Virginia Code § 25-4-6 (2011) states, "The circuit court *may* suspend the imposition of sentence of any young adult . . . convicted of or pleading guilty to a felony offense. . . ." (Emphasis added). It is evident from the clear, unambiguous language of that statute and the precedent from this Court that the circuit court has the discretion to determine whether a defendant is entitled to youthful offender status. The record evidences the fact that the circuit court considered the violent nature of the crime, specifically stating that while petitioner did not have a significant prior record, the record petitioner made in this one night is a significant record. Based on the facts and the record before this Court, we find that the circuit court did not abuse its discretion in denying petitioner's request youthful offender status to petitioner.

Petitioner's sixth and final assignment of error is that fifty years of incarceration is grossly disproportionate to the crime for which he stands convicted, his age, and prior record, so it shocks the conscience and does not pass a societal and judicial sense of justice. "This Court has 'traditionally examined the constitutionality of sentences in light of the proportionality requirement . . .' of Article III, Section 5. *State v. Fortner*, 182 W.Va. 345, 364, 387 S.E.2d 812, 831 (1989)." *State v. Murrell*, 201 W.Va. 648, 652, 499 S.E.2d 870, 874 (1997). However, we

---

[2] The appendix contains only certain pages of the trial transcript.

[3] In his brief, petitioner fails to provide his date of birth or his age. According to the presentence investigation report included in the appendix, petitioner was twenty-one years old at the time the report was prepared.

[4] It appears from the record that petitioner did not file a written motion for suspension of his sentence for treatment as a youthful offender. Instead, petitioner made an oral motion during the sentencing hearing for the same.

have also held that "'it is this Court's practice not to interfere with a sentence imposed within legislatively prescribed limits, so long as the trial judge did not consider any impermissible factors.' *State v. Farr*, 193 W.Va. 355, 358, 456 S.E.2d 199, 202 (1995)." *Murrell* at 652, 499 S.E.2d at 874. The circuit court's consideration of the violent nature of the crime clearly does not constitute an impermissible factor, and petitioner has not alleged that the court considered any impermissible factor. Therefore, this Court will not interfere with the sentence imposed by the circuit court in this matter.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II