378 S.E.2d 291

**Wanda H. CARTER**

**v.**

**Honorable C. Reeves TAYLOR, Chief Judge of the Circuit Court of Grant County, and Nancy Dayton.**

**No. 18921.**

Supreme Court of Appeals of West Virginia.

Feb. 16, 1989.

Joseph R. Goodwin, B. Karleton Kesner, Goodwin & Goodwin, Charleston, for appellant.

WORKMAN, Justice:

In this original proceeding filed January 25, 1989, relator, Wanda H. Carter, seeks a writ of prohibition against the respondents, C. Reeves Taylor, Chief Judge, Twenty-first Judicial Circuit, and Nancy Dayton. Relator seeks an order restraining respondent Taylor from enforcing his orders of January 6, 9, and 26, 1989, each purporting to appoint a person to fill the vacancy created by the resignation of the circuit clerk of Grant County. A rule to show cause why the requested relief should not be granted was issued January 26, 1989, and the matter was heard February 7, 1989.

The specific question presented in this matter is whether Circuit Judge Andrew N. Frye, also of the Twenty-first Judicial Circuit,[1] had the authority to appoint the relator to the position of circuit clerk on January 3, 1989. On a larger scale, this matter relates to the administrative authority of the chief judge in a multi-judge circuit.

Initially, the two circuit judges became embroiled in a dispute as to who would assume the position of Chief Judge beginning January 1, 1989. This dispute was formally submitted to the West Virginia Supreme Court of Appeals for decision in or around the last week of December, 1988. Chief Justice Brotherton, with the concurrence of the other members of this court, resolved this dispute by letter dated January 5, 1989, stating Judge Taylor would serve as chief judge from January 1, 1989, until December 31, 1990.

On January 3, 1989, prior to the resolution of this dispute, Judge Frye signed an order purporting to appoint relator (then a Grant County magistrate) to fill the circuit clerk vacancy. This order was entered January 6, 1989. On January 6 and 9, 1989, respondent Judge Taylor signed and entered orders purporting to appoint Nancy Dayton as "temporary and interim" clerk to fill the circuit clerk vacancy.

Respondent Judge Taylor admits in his answer, and this court agrees, that Nancy Dayton, being a non-resident of Grant County, was not qualified by law to serve as that county's circuit clerk, and that the orders entered January 6 and 9, 1989, purporting to appoint her to fill the circuit clerk vacancy should be held for naught.

A subsequent order entered by Judge Taylor on January 25, 1989, appointed Betty C. Moomau to fill the circuit clerk vacancy.

Both the State Constitution and West Virginia Statutes address the circuit court's power to fill a circuit clerk vacancy. Article VIII, § 9 of the *West Virginia Constitution* provides:

> Whenever the clerk shall be so situated as to make it improper for him to act in any matter, a clerk to act therein shall be appointed by the judge of the circuit court or the chief judge thereof, if there be more than one judge of the circuit court. Vacancies shall be filled in a manner prescribed by law.

*West Virginia Code* § 3-10-6 [1967] further provides "[w]hen a vacancy occurs in the office of clerk of the circuit court, the circuit court, or the judge thereof in vacation, shall fill the same by appointment until the next general election, and the person so appointed shall hold office until his successor is elected and qualified."

Relator argues that, while the constitution grants to the chief judge the power to name a replacement clerk in the case of incapacity, such power by statute resides generally in the circuit court in case of resignation. Under relator's interpretation of the statute, each judge is co-equal in the power to appoint.

Relator argues in the alternative that even if the power to fill the clerk vacancy resides in the chief judge in a multi-judge circuit, there was no chief judge on January 3, 1989, when Judge Frye made his appointment, and thus he enjoyed authority to make it.

Both of relator's arguments fail.

*West Virginia Constitution*, art. VIII, § 5 provides "[i]f there be two or more judges of a circuit court, provision shall be made by rules of such circuit court for the

---

1. The Twenty-first Judicial Circuit is composed of Grant, Mineral, and Tucker counties.

selection of one of such judges to serve as chief judge thereof." In the event the circuit is unable to select a chief judge, the decision will be made by the Supreme Court of Appeals. This is based on Article VIII, § 3 of the *West Virginia Constitution*, which provides in relevant part that "[the Supreme Court of Appeals] shall have general supervisory control over all intermediate appellate courts, circuit courts and magistrate courts." *See also Rutledge v. Workman,* 175 W.Va. 375, 332 S.E.2d 831 (1985).

■ In a like manner the circuit judge or chief circuit judge is the administrative head of the circuit. In *Rutledge* this court held that "[a]t the county level, except to the extent that the circuit courts are given explicit direction by the Supreme Court of Appeals, the power to control the local affairs of the circuit is placed in the circuit judge or the chief circuit judge." *Rutledge,* 175 W.Va. at 381, 332 S.E.2d at 836.

■ While all circuit judges in a multi-judge circuit are clothed with co-equal judicial power, the chief judge possesses the overall administrative authority. *West Virginia Constitution,* art. VIII, § 6.[2] A contrary arrangement would result in chaos in the multi-judge circuits. As chief judge, Judge Taylor possesses the power to appoint the circuit clerk.

■ Relator's alternative position is also incorrect. Chief Justice Brotherton's order of January 6, 1989, clearly states Judge Taylor was to serve as chief judge beginning January 1, 1989. Even if the Chief Justice's order had not been entered *nunc po tunc* and had there been no chief judge on January 3, 1989, no one had the authority to make the appointment until such time as the chief judge was determined in the manner provided by law.

Therefore, for the reasons set forth above, the rule to show cause in prohibition heretofore issued is discharged, and the

writ of prohibition for which the relator prays is denied.

Writ denied.

---

2. *W.Va. Const.,* art. VIII, § 6 provides in part: Under the direction of the chief justice of the supreme court of appeals, the judge of the circuit court, or the chief judge thereof if there be more than one judge of the circuit court, shall be the administrative head of the circuit court and all magistrate courts in the circuit.