640 S.E.2d 71

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Michael DOONAN, Defendant Below, Appellant.**

No. 33052.

Supreme Court of Appeals of West Virginia.

Submitted: Nov. 1, 2006.

Decided: Dec. 1, 2006.

10

John N. Ellem, Ellem Law Office, Parkersburg, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Barbara H. Allen, Deputy Attorney General, Colleen A. Ford, Assistant Attorney General, Charleston, for the Appellee.

DAVIS, Chief Justice.

The defendant below and appellant herein, Michael Doonan (hereinafter "Mr. Doonan"), appeals from an order entered July 8, 2005, by the Circuit Court of Wood County. By that order, the circuit court found that the errors committed by the magistrate court amounted to harmless errors, and further, that there was sufficient evidence to support the magistrate jury's finding of guilt for the charge of driving under the influence (hereinafter "DUI"). On appeal to this Court, Mr. Doonan argues that the magistrate court errors were not harmless and that there was insufficient evidence to support his conviction. Based upon the parties' arguments, the record designated for our consideration, and the pertinent authorities, we reverse the de-

cision by the circuit court, and further, we remand the case for a new trial.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In this case, Mr. Doonan was charged with driving under the influence of alcohol. On March 21, 2004, Mr. Doonan was pulled over by a member of the Parkersburg Police Department for speeding. The officer testified that when he approached the car, he noticed an odor of alcohol on Mr. Doonan's breath, blood shot eyes, and slightly slurred speech. Mr. Doonan was then requested to perform three different field sobriety tests: walk and turn, horizontal gaze nystagmus, and the one-legged stand. After Mr. Doonan failed all three tests,[1] he was transported to the police station where his blood alcohol content was measured by breathalyzer at .134, which was over the legal limit.

Mr. Doonan was charged with first offense of driving under the influence pursuant to W. Va.Code § 17C–5–2 (2004) (Repl.Vol.2004). On November 5, 2004, Mr. Doonan was found guilty by a magistrate court jury of first offense of driving under the influence, and was sentenced to serve forty-eight hours in the North Central Regional Jail. Mr. Doonan appealed his conviction to the circuit court, arguing it was improper to exclude his expert witness and that it was error to admit an illegible copy of his DUI printout. The circuit court recognized that some errors existed in the underlying court, but found that the errors were harmless and that there was sufficient evidence to uphold Mr. Doonan's conviction. This appeal then followed.

## II.

## STANDARD OF REVIEW

 The case before this Court on appeal follows the circuit court's affirmation of a guilty conviction by a magistrate jury. The two issues for our consideration involve the nondisclosure of an expert witness and the

---

**1.** The record reveals that Mr. Doonan's failure of the field sobriety tests was a point of contention. Moreover, Mr. Doonan's counsel presented reha-
bilitating evidence indicating Mr. Doonan's sobriety.

exclusion of the attendant testimony, as well as the admissibility of an illegible copy of a certified copy of the DUI printout. Generally, we have held that "questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. pt. 1, in part, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997). More specifically to this case, rulings on the admissibility of evidence are properly within the discretion of the circuit court, and this Court will not overturn such rulings absent an abuse of discretion. "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994). Mindful of these guidelines, we now consider the substantive issues herein raised.

## III.

## DISCUSSION

On appeal to this Court, Mr. Doonan sets forth three assignments of error: (1) the magistrate court's refusal to allow Mr. Doonan's expert witness testimony violated the Sixth Amendment to the United States Constitution and Article III, Section 14 of the West Virginia Constitution and constituted more than harmless error; (2) the admission into evidence of an illegible copy of a certified copy of the breathalyzer printout was more than harmless error; and (3) the evidence was insufficient to support the jury's verdict of driving under the influence. The State originally filed a written response wherein it challenged Mr. Doonan's three assignments of error. Subsequent to the State's written response and during oral argument, the State abandoned its challenges and conceded error on the issue of the pre-

clusion of Mr. Doonan's expert witness, and admitted that such preclusion was more than harmless error and necessitated a reversal for a new trial.

We applaud and appreciate the candor of the State in admitting that it was error to preclude Mr. Doonan's expert witness. This Court has previously recognized that "[t]his Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred." Syl. pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991). Therefore, we will conduct our own analysis of the case, which will concentrate on the preclusion of Mr. Doonan's expert witness. Because we find error and determine that this case should be reversed and remanded for a new trial, we offer some guidelines on remand by also addressing the issue of the admission of the illegible copy of the DUI printout.[2] This opinion will first address the exclusion of Mr. Doonan's expert witness, then will turn to the issue of the illegible copy of the DUI printout.

### A. Exclusion of Expert Witness

In the present case, Mr. Doonan planned on introducing testimony by an expert, Mr. White, who was a former chemist with the West Virginia State Police. After the expert was excluded, Mr. Doonan's counsel proffered to the court that the subject of the testimony was that Mr. White would have addressed the horizontal gaze nystagmus test, and would have further addressed the issue of Mr. Doonan's alleged level of intoxication and the breathalyzer results. The State objected to the use of Mr. White as a witness because he had not been disclosed by Mr. Doonan. The magistrate court relied on W. Va.Code § 62–1B–2 (1965) (Repl.Vol.2005)[3] to sustain the objection and

---

**2.** We will not address Mr. Doonan's sufficiency of the evidence argument because we find that the evidence was sufficient to sustain the conviction. *See Pullin v. State*, 216 W.Va. 231, 237 n. 2, 605 S.E.2d 803, 809 n. 2 (2004) (per curiam) ("The other assignments of error asserted by Mr. Pullin have no merit, and we therefore summarily reject them. We will note, however, as to the issue of sufficiency of evidence, we find that there was sufficient evidence to sustain the con-

victions.... Consequently, there is no bar to retrying Mr. Pullin.").

**3.** W. Va.Code § 62–1B–2 (1965) (Repl.Vol.2005) states:

Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to examine and copy or photograph any relevant (1) written or recorded statements

preclude Mr. White's testimony. We find this statute wholly inapplicable as it only addresses the duties of the prosecuting attorney to disclose to the defendant and is silent on the issue of a defendant's duty of disclosure to the State. Thus, it was improper for the magistrate court to impose a duty of "reciprocal discovery" on the defendant based on this statutory provision. The circuit court found that it was error to exclude the witness, but that it was harmless error. We cannot agree and find that the exclusion of Mr. White's testimony constituted more than simply harmless error.

There is some discussion by the parties and the magistrate court as to which rules and statutes apply to criminal proceedings in magistrate court. Turning for direction to the Rules of Criminal Procedure for Magistrate Courts, we note that Rule 14 is titled **"Discovery and inspection; bill of particulars."** However, this rule provides no guidance because it is reserved for later delineation. Thus, our analysis must take another turn.

 We note that it is within the inherent authority of this Court to promulgate rules governing discovery procedures. W. Va. Const., art. VIII, § 3 provides, in part, that "[t]he court shall have power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, process, practice and procedure, which shall have the force and effect of law." To this end, we previously held that "[u]nder article eight, section three of our Constitution, the Supreme Court

of Appeals shall have the power to promulgate rules for all of the courts of the State related to process, practice, and procedure, which shall have the force and effect of law." Syl. pt. 1, *Bennett v. Warner,* 179 W.Va. 742, 372 S.E.2d 920 (1988). *Accord State v. Arbaugh,* 215 W.Va. 132, 595 S.E.2d 289 (2004) (per curiam); *Games–Neely ex rel. W.Va. State Police v. Real Prop., Including a Brick Ranch House and Garage, Commonly Known as 1175 Sam Mason Road Located in Mill Creek Dist. of Berkeley County, WV MAP 13, Parcel 32, Libre 237, Folio and Book 635,* 211 W.Va. 236, 565 S.E.2d 358 (2002); *State v. Wallace,* 205 W.Va. 155, 517 S.E.2d 20 (1999); *Teter v. Old Colony Co.,* 190 W.Va. 711, 441 S.E.2d 728 (1994). Moreover, it is well-settled that "[g]eneral supervisory control over all intermediate appellate, circuit, and magistrate courts resides in the Supreme Court of Appeals. *W. Va. Const.,* art. VIII, § 3." Syl. pt. 1, *Carter v. Taylor,* 180 W.Va. 570, 378 S.E.2d 291 (1989).

 In addition to our inherent authority to promulgate rules governing discovery, we also recognize that there are other instances when magistrate courts are instructed to look to the procedure employed in circuit courts for direction.[4] Thus, it is not exceptional for the Rules of Criminal Procedure for Magistrate Courts to look to guidance from the West Virginia Rules of Criminal Procedure for circuit courts. Rule 16 of the Rules of Criminal Procedure is titled **"Discovery and inspection."** and sets forth the discovery procedure to be used in criminal matters in

---

or confessions made by the defendant, or copies thereof, which are known by the prosecuting attorney to be within the possession, custody or control of the State, (2) results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, which are known by the prosecuting attorney to be within the possession, custody or control of the State, and (3) books, papers, or tangible objects belonging to or seized from the defendant which are known by the prosecuting attorney to be within the possession, custody or control of the State.

4. For example, Rule 15 of the Rules of Criminal Procedure for Magistrate Courts refers litigants to Rule 17 of the West Virginia Rules of Criminal Procedure used in circuit courts. Rule 17 of the

Rules of Criminal Procedure for Magistrate Courts directs that witness testimony is governed by the West Virginia Rules of Evidence and further instructs that Rule 26.2 of the West Virginia Rules of Criminal Procedure for circuit courts governs statements of witnesses in magistrate court. Rule 24 of the Rules of Criminal Procedure for Magistrate Courts guides that Rule 41 of the West Virginia Rules of Criminal Procedure for circuit courts shall apply to search and seizure issues. Further support is found in W. Va.Code § 50-5-1 (1976) (Repl.Vol.2000), which states that "[e]xcept as the same may be inconsistent with the provisions of this chapter or with rules adopted by the supreme court of appeals, the provisions of law relating to trials and admissibility of evidence in circuit courts shall apply to trials in magistrate courts."

circuit court. Because Rule 14 of the Rules of Criminal Procedure for Magistrate Courts is silent on discovery issues, it is necessary and appropriate to look to the West Virginia Rules of Criminal Procedure for discovery guidelines. Thus, we now hold that, until an appropriate rule is adopted in the Rules of Criminal Procedure for Magistrate Courts, the provisions of Rule 16 of the West Virginia Rules of Criminal Procedure shall govern the procedures and requirements for discovery in criminal cases which are to be heard on their merits in magistrate courts.

Now that we have determined that Rule 16 of the West Virginia Rules of Criminal Procedure applies to magistrate court proceedings, we will apply the same to the particular case before us. Rule 16 states, in pertinent part, as follows:

> (b) *Disclosure of evidence by the defendant.*—(1) Information subject to disclosure.... (C) Expert witnesses.—*If the defendant requests disclosure under subdivision (a)(1)(E) of this rule and the state complies, the defendant, at the state's request, must disclose to the state a written summary of testimony the defendant intends to use* under Rules 702, 703, and 705 of the Rules of Evidence as evidence at trial. The summary must describe the opinions of the witnesses, the bases and reasons therefor, and the witnesses' qualifications.
>
> . . . .
>
> (2) Failure to comply with a request.—If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place and manner of making the discovery and in-

spection and may prescribe such terms and conditions as are just.

(Emphasis added).

■ The language of the rule is very clear that the defendant may request disclosure from the State. The State only has the option to request reciprocal discovery if the defendant has made an initial request and then, only if the State complied with such request. In the present case, the defendant did make a motion for discovery from the State pursuant to Rule 16.[5] The State did not make a reciprocal request for discovery, and conceded this point in the record. The State argues, however, that an equitable principle of reciprocity should apply, and the magistrate court agreed. Under the statute and the caselaw, this decision by the magistrate court was more than harmless error.[6]

■ It has been explained that

> Under Rule 16(b) of the West Virginia Rules of Criminal Procedure the State's right to request discovery from a defendant is triggered only if the defendant initially seeks discovery, and is confined to the particular area in which the defendant has sought discovery. Additionally, the State must have complied with the defendant's initial discovery request before it can request discovery.

Syl. pt. 1, *Marano v. Holland,* 179 W.Va. 156, 366 S.E.2d 117 (1988). Prosecutors can discover a defendant's expert witnesses only when triggered first by a defense request. Even then, the rule is not automatically reciprocal and applies only when the State makes a specific request. When a request is not made regarding an expert witness, then there is no basis to exclude the proposed expert. *See Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (preclusion of the witness as a sanction is appropriate in cases where the violation is deliberate to gain a tactical advantage); *State v. Ward,* 188 W.Va. 380, 424 S.E.2d 725 (1991) (preclusion of a defense witness is acceptable when

---

**5.** From the record, it does not appear that the State complied with Mr. Doonan's discovery request. In fact, the record reveals that the State had intended to call a witness, Officer Holliday, who had not been disclosed to Mr. Doonan.

**6.** Rule 27 of the Rules of Criminal Procedure for Magistrate Courts defines "harmless error" as "[a]ny error, defect, irregularity or variance which does not affect substantial rights[.]"

the defense has acted in bad faith, but emphasizing that in general cases of nondisclosure, preclusion of the witness is unjustified as less drastic measures such as a continuance could be taken); *State v. Adkins,* 162 W.Va. 815, 253 S.E.2d 146 (1979) (holding that absent a request from a defendant for a witness list, it is not error to allow the witnesses to testify for the state), *overruled on other grounds by State v. Lassiter,* 177 W.Va. 499, 354 S.E.2d 595 (1987). "[U]nless a defendant, such as the relator in the present case, is required to make reciprocal disclosure under Rule 16 of the West Virginia Rules of Criminal Procedure, it would be improper for a court to require him to disclose his independent expert's findings." *State ex rel. Sutton v. Mazzone,* 210 W.Va. 331, 336, 557 S.E.2d 385, 390 (2001) (per curiam).

██ In this case, the defendant made a request of the State for discovery pursuant to Rule 16. In turn, the State was allowed to make a similar request from the defendant only if the State complied with Mr. Doonan's request. However, not only did the State fail to make any discovery request, but it failed to respond to Mr. Doonan's discovery request and was, therefore, precluded from making any such reciprocal request. Therefore, Mr. Doonan was under no duty to provide his expert witness [7] list, and it was error for the magistrate court to preclude the defense witness. Thus, the case must be reversed and remanded for a new trial.

### B. Admission of Illegible Copy of the DUI Printout

██ During the jury trial before the magistrate court, the arresting officer testified, without objection, to the results of the breathalyzer test. However, at the point when the State wanted to submit into evidence a copy of the DUI printout, counsel for Mr. Doonan objected on the basis that the copy was not the original certified copy and, further, that it was illegible. The magistrate court allowed the admission into evidence of

the DUI printout while acknowledging the difficulty in deciphering the numbers on the printout. On appeal to the circuit court, the trial court stated that

> [c]learly such evidence should not have been admitted because the probative value of such an exhibit would be far outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. However, the admission of the printer ticket was not necessary given the jury was already aware of the results of the test. Only harmless error has been committed given that the jury had already heard the results of the intoxilyzer without objection.

██ We have long held that "[e]rrors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction." Syl. Pt. 20, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974).[8] If the alleged error is not constitutionally based, then the harmless error analysis is governed by a different standard. We previously explained the following:

> Where improper evidence of a nonconstitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury.

Syl. pt. 2, *State v. Atkins,* 163 W.Va. 502, 261 S.E.2d 55 (1979). Applying this legal principle to the current case, we agree that the introduction of the illegible printout was harmless error because the same information had already been introduced, without objec-

---

7. Counsel for the defendant also explained that, as a public defender, it is extremely difficult to find an expert willing to testify on behalf of his clients. However, he found a willing expert the week prior to trial.

8. *See also* note 6, *supra.*

tion, through the officer's testimony. Further, we conceive of no way that the officer's testimony had a prejudicial effect on the jury.

However, because this case is being remanded, the evidentiary issue regarding the DUI printout should be resolved differently during the course of the new trial. The West Virginia Rules of Evidence apply to criminal proceedings in magistrate court. *See* R.Crim.Proc. for Magis. Cts. 17. In the present case, the DUI printout that was admitted into evidence was a copy of a certified copy. It was not the certified copy of the printout. Rule 1003 of the West Virginia Rules of Evidence states that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Under the present circumstances, we agree that it was unfair to admit an illegible copy of the DUI printout into evidence. More direction is obtained from Rule 403 of the West Virginia Rules of Evidence, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." An illegible printout, as its condition was conceded by all parties and by the magistrate court judge, can have no probative value to a jury. Thus, under normal circumstances, its admission would have been an abuse of discretion. However, under the present circumstances, the error was harmless based on the introduction of the officer's testimony, without objection, regarding the breathalyzer results.

## IV.

## CONCLUSION

For the reasons set out in the body of this opinion, the order of the Circuit Court of Wood County, entered on July 8, 2005, is reversed, and this case is remanded for a new trial.

Reversed and Remanded.

MAYNARD, Justice, dissenting.

I dissent to the majority opinion because I do not believe that Rule 16 of the West Virginia Rules of Criminal Procedure should apply to criminal discovery issues in magistrate courts.

First, according to Rule 1 of the Rules of Criminal Procedure, those rules apply to criminal proceedings before magistrates only "whenever specifically provided in one of the rules." Rule 16 does not specifically provide that it applies to magistrate court proceedings, and it should not be made to do so by this Court.

Second, application of Rule 16 to magistrate court proceedings is simply a bad idea because non-lawyer magistrates are not trained to handle such complex rules. In order to be a magistrate in West Virginia, a person need only be twenty-one years of age, have a high school education or its equivalent, and have no felony convictions or any misdemeanor convictions involving moral turpitude. *See* W.Va.Code § 50-1-4 (1992). I believe that charging non-lawyer magistrates with utilizing Rule 16 invites inconsistent application of that rule at best and serious error at worst. Plainly, Rule 16 was written to be used by highly trained lawyer judges and not non-lawyer magistrates who may have only a high school education.

Significantly, making Rule 16 applicable to magistrate courts is another instance of placing excessive legal responsibilities on non-lawyer magistrates at a time when important constitutional safeguards that protect criminal defendants have been removed in magistrate courts. Prior to the amendments to W.Va.Code § 50-5-13 in 1994, a person convicted of a crime in magistrate court was guaranteed on appeal a trial *de novo* in circuit court. Thus, he or she was guaranteed a trial presided over by a lawyer judge before his or her liberty could be taken. Now, if a person is convicted by a jury in magistrate court, he or she is no longer guaranteed a trial *de novo* before a lawyer judge. Rather, the appeal to circuit court is a hearing on the record. *See* W.Va.Code § 50-5-13(b) (1994).

I believe that denying the right of a person convicted in magistrate court a trial *de novo* in circuit court violates that person's constitutional due process rights. In the 1995 case of *State ex rel. Collins v. Bedell,* 194 W.Va. 390, 460 S.E.2d 636 (1995), this Court upheld W.Va.Code § 50–5–13 against due process challenges under both the State and Federal Constitutions. However, I believe that *Bedell* was incorrectly decided. In *Bedell,* this Court addressed the U.S. Supreme Court case of *North v. Russell* as follows:

> The Supreme Court of the United States has not yet addressed whether the *United States Constitution* is violated if a criminal defendant does not have a lawyer-judge preside at his or her trial. The closest the Supreme Court of the United States has come to deciding the issue was in *North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). In *North* the Supreme Court of the United States determined that Kentucky procedures provided for a trial *de novo,* which included the right to a trial by jury, before a lawyer-judge; therefore, the Supreme Court found it unnecessary to decide whether the proceeding before a lay officer, which resulted in a sentence of thirty days in jail for driving under the influence, violated the constitutional rights of the defendant.[1]

*Bedell,* 194 W.Va. at 397–398, 460 S.E.2d at 643–644 (footnote added).

In his dissent to the majority opinion, Justice Neely expressed his belief that a criminal defendant appealing from a proceeding in magistrate court before a non-lawyer judge should be afforded a statutory right to a jury trial *de novo* on appeal to circuit court. Justice Neely noted that in *North* the U.S. Supreme Court "tacitly affirmed the constitutionality of non-lawyer judges based upon the guarantee of a trial *de novo* on appeal before a lawyer/judge." *Bedell,* 194 W.Va. at 404, 460 S.E.2d at 650. Justice Neely also discussed the case of *Ludwig v. Massachusetts,* 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), which he described as,

> decided just two days after the *North* decision, the Supreme Court again partially relied on the existence of a trial *de novo* to uphold a state court system when a defendant in a criminal case was initially tried *without a jury* before a nonlawyer judge, but had the right to obtain a trial *de novo* by jury on appeal. Thus, in *Ludwig* the Supreme Court ruled that no due process violation was found.

*Id.* Both *North* and *Ludwig* strongly imply that constitutional due process is not violated if a criminal defendant's trial is presided over by a non-lawyer judge as long as that defendant has an absolute right to a trial by jury before a lawyer-judge. Because in West Virginia a criminal defendant has no such right, constitutional due process is violated.

As originally envisioned, magistrate courts were supposed to use simple procedures where small claims civil and misdemeanor criminal cases could be heard without the necessity of legal counsel. However the authority and jurisdiction of magistrate courts have increased over the years. Non-lawyer magistrates are now charged with understanding intricate legal arguments made by lawyers and applying complex constitutional principles that persons with a law degree and years of experience may find challenging. Significantly, at stake in the application of these complex legal principles is a person's liberty for up to a year.

By holding that magistrates are now responsible for the proper application of Rule 16 of the Rules of Criminal Procedure, this Court continues the unwise trend of placing ever greater responsibility on non-lawyer magistrates in the absence of the necessary check on their rulings in the form of a jury trial *de novo* before a lawyer judge. For this reason, I dissent to the majority opinion.

---

1. Kentucky's procedure was described in *Colten v. Kentucky,* 407 U.S. 104, 113, 92 S.Ct. 1953, 1958, 32 L.Ed.2d 584 (1972) as follows:

 The right to a new trial is absolute. A defendant need not allege error in the inferior court proceeding. If he seeks a new trial, the Kentucky statutory scheme contemplates that the slate be wiped clean. Prosecution and defense begin anew.... The case is to be regarded exactly as if it had been brought there in the first instance.