# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0888** (Kanawha County 13-F-223)

**Joey Jeffery, Defendant Below,**
**Petitioner**

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joey Jeffery, by counsel Lori Waller, appeals the Circuit Court of Kanawha County's April 15, 2014, order resentencing him to concurrent terms of incarceration of life with mercy for one count of kidnapping; two to ten years for one count of malicious wounding; five to eighteen years for second-degree robbery; and two to ten years for assault during the commission of a felony. The State, by counsel Derek Knopp, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that it was plain error for the circuit court to admit the testimony of petitioner's co-defendant.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 28, 2013, a Kanawha County Grand Jury indicted petitioner on one count of kidnapping, one count of first-degree robbery, one count of assault during the commission of a felony, and one count of malicious wounding.[1] These charges stemmed from an incident in which petitioner and his co-defendant allegedly kidnapped, beat, "tortured," and robbed Leanna Quinn ("the victim"). Prior to petitioner's trial, his co-defendant pled guilty by Information to one count of conspiracy to commit first-degree robbery. In exchange for her plea agreement, the State dismissed the other charges, and the co-defendant agreed to testify against petitioner.[2] Following a jury trial in February of 2014, petitioner was found guilty of kidnapping; second-degree robbery, a lesser included offense of first-degree robbery; malicious assault; and assault during the commission of a felony. The circuit court sentenced petitioner to concurrent terms of incarceration of life with mercy for one count of kidnapping in violation of West Virginia Code §

---

[1]Petitioner's co-defendant was indicted on the same charges.

[2]The co-defendant was sentenced to a term of incarceration of one to five years.

61-2-14a; two to ten years for one count of malicious wounding in violation of West Virginia Code § 61-2-9; five to eighteen years for second-degree robbery in violation of West Virginia Code § 61-2-12; and two to ten years for assault during the commission of a felony in violation of West Virginia Code § 61-2-10. In July of 2014, the circuit court resentenced petitioner for purposes of filing a direct appeal. It is from this order that petitioner now appeals.

On appeal, petitioner argues that it was plain error for the circuit court to admit the testimony of his co-defendant because it lacked credibility. In support of his argument, petitioner asserts that his co-defendant's testimony was inadmissible because she received a plea agreement that substantially reduced her exposure to incarceration in exchange for her testimony. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, a plain error "must have affected the outcome of the proceedings in the circuit court . . . ." in order for the error to be reversible. *Id.,* Syl. Pt. 9, in part. For the reasons set forth below, we conclude there was no plain error.

To begin, we have long held that a "[c]onviction for a crime may be had upon the uncorroborated testimony of an accomplice . . . ." Syl. Pt. 1, in part, *State v. Humphreys*, 128 W.Va. 370, 36 S.E.2d 469 (1945). In the present case, the victim testified that petitioner accosted her at a friend's residence and punched her several times before dragging her by her hair and forcing her into his vehicle. The victim then testified that petitioner drove to his residence where he put a trash bag over her head, beat and kicked her, electrocuted her, hit her with an axe, and stuck her with a needle that allegedly contained "brake fluid and bleach." The victim also testified that petitioner then forced her back into his vehicle, along with his co-defendant, and drove to the top of a secluded mountaintop. Once on the mountaintop, the victim testified that petitioner again put a trash bag over her head; punched and kicked her; forced her to surrender her ring, coat, and shoes; attempted to suffocate her; threatened to kill her children; pointed a gun at her head; and fired the gun next to her face before leaving her stranded on the mountaintop. The co-defendant's testimony substantially corroborated the victim's testimony. This Court has held that "[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses." Syl. Pt. 2, *State v. Bailey,* 151 W.Va. 796, 155 S.E.2d 850 (1967). Simply put, petitioner's conviction was not based solely upon the uncorroborated testimony of his co-defendant.

Furthermore, this Court has held that

[a]n accomplice who has entered a plea of guilty to the same crime charged against the defendant may testify as a witness on behalf of the State. However, if the jury learns of the accomplice's guilty plea, then upon the motion of the defendant, the trial court must instruct the jury that the accomplice's plea of guilty cannot be considered as proving the guilt of the defendant, and may only be considered for proper evidentiary purposes such as to impeach trial testimony or to reflect on a witness' credibility. The failure of the trial court, upon request, to give such a limiting jury instruction is reversible error. To the extent that Syllabus

2

Point 3 of *State v. Caudill,* 170 W.Va. 74, 289 S.E.2d 748 (1982) is inconsistent, it is hereby modified

Syl., *State v. Flack*, 232 W.Va. 708, 753 S.E.2d 761 (2013). A review of the record before us indicates that the jury was made aware of the plea agreement that the co-defendant made with the State in exchange for her testimony against petitioner. However, the circuit court properly instructed the jury in accordance with *Flack* stating that "[t]he plea is not evidence that the [petitioner] remaining on trial is guilty, or that the crime charged in the indictment was committed." For these reasons, we find that the plain error doctrine is inapplicable under the facts of this case.

Petitioner also argues that the co-defendant's testimony should have been excluded because it violated Rule 608 of the West Virginia Rules of Evidence. Petitioner asserts that the State bolstered the co-defendant's testimony before her credibility was attacked.

Rule 608(a) states that:

A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

The record establishes that petitioner attacked the co-defendant's character for truthfulness during opening statements by indicating his intention to call one of the co-defendant's jail mates to testify "as to what really happened." "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 2, *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006) (internal citations omitted). Because petitioner attacked his co-defendant's character for truthfulness first, we do not find that the circuit court abused its discretion in admitting evidence of the co-defendant's character for truthfulness.

Finally, petitioner argues that the State knowingly used false testimony to obtain a conviction. This Court has held that:

In order to obtain a new trial on a claim that the prosecutor presented false testimony at trial, a defendant must demonstrate that (1) the prosecutor presented false testimony, (2) the prosecutor knew or should have known the testimony was false, and (3) the false testimony had a material effect on the jury verdict.

Syl. Pt. 2, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Upon our review, we find no merit in petitioner's argument. First, petitioner failed to produce evidence that the co-defendant lied during petitioner's trial. The victim testified that the co-defendant cut her with a knife. However, the co-defendant testified that she did not recall cutting the victim with a

knife. This only shows that the testimony was conflicting, not false. As we stated above, "[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses." Syl. Pt. 2, *State v. Bailey,* 151 W.Va. 796, 155 S.E.2d 850 (1967). Here, the jury heard all of the testimony and weighed the witnesses' credibility accordingly. However, even if this Court considered the conflicting testimony to be false, there is no evidence that this testimony had a material effect on the jury's verdict. The fact that the co-defendant may have cut the victim is irrelevant to petitioner's guilt. Petitioner ignores the substantial evidence presented by the victim's testimony, which alone supports petitioner's convictions.

For the foregoing reasons, the circuit court's April 15, 2014, order resentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II