# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.C.**

**No. 14-1204** (Mingo County 14-JA-47)

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother S.C., by counsel Dennie S. Morgan Jr., appeals the Circuit Court of Mingo County's November 7, 2014, amended order adjudicating her as an abusing parent to eleven-year-old J.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, Diana Carter Wiedel, filed a response.[1] On appeal, petitioner argues that the circuit court erred in (1) made clearly erroneous findings related to whether she abused and/or neglected the child based on the evidence presented; (2) limiting her cross examination of a Child Protective Services ("CPS") worker in violation of Rule 608 of the West Virginia Rules of Evidence; (3) quashing several subpoenas served upon her witnesses for the reconsideration hearing; and (4) denying her access to DHHR employment/personnel files for purposes of perfecting her appeal.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition against petitioner based on allegations that she and her then-boyfriend, L.F., engaged in domestic violence in the child's presence; L.F. sexually abused the child in petitioner's home; petitioner abused alcohol;

---

[1]The guardian submitted a supplemental appendix record with her brief in this matter. As the guardian filed no accompanying motion for leave to file a supplemental appendix record and we granted no such leave, we decline to consider the guardian's supplemental material. *See* W.Va. R. App. P. 7(g) (stating that "[a] party may file a motion for leave to file a supplemental appendix that includes such matters from the record not previously submitted.").

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

petitioner committed educational neglect by permitting the child to be truant from school; petitioner denied the allegations of sexual abuse by L.F. and called the child a liar; and petitioner continued her relationship with L.F. even after he was alleged to have committed sexual abuse.

Later in July of 2014, the circuit court held a preliminary hearing. At that hearing, CPS worker Stephanie Copley testified as to the allegations in the petition. Despite additional testimony from petitioner's sister and mother refuting earlier statements they allegedly made against petitioner's ability to parent, the circuit court found that the child was in imminent danger of abuse or neglect if she remained in petitioner's custody and set the matter for adjudication on October 1, 2014.

In September of 2014, the circuit court held a hearing to consider a discovery motion filed by petitioner based on Ms. Copley's involvement in a 2012 federal drug conspiracy charge involving her husband. At that hearing, petitioner requested Ms. Copley's personnel file from the DHHR, and the circuit court ordered the DHHR to provide that file for an in camera review.

Prior to the October 1, 2014, adjudicatory hearing, the circuit court provided petitioner with an opportunity to review Ms. Copley's personnel file and granted a short continuance for petitioner to procure additional witnesses. At the adjudicatory hearing, the circuit court heard testimony from forensic interviewer Kristen Keene of the Logan Child Advocacy Center that the child disclosed that L.F. touched her "private area" while he was "half-asleep" at petitioner's home and in petitioner's presence, at which time petitioner removed L.F.'s hand from the child and instructed him to refrain from touching the child.[3] Witnesses also testified that the child witnessed domestic violence on two occasions between petitioner and L.F. occurring in the months prior to the petition's filing. Further evidence revealed that petitioner and L.F. had an "on-again and off-again" relationship and that petitioner reportedly had continued her relationship with L.F. even after the incident in which he was said to have touched the child's private area inappropriately. The child's videotaped interview with Ms. Keene was admitted into evidence without objection. The circuit court also heard from a law enforcement officer who testified that petitioner was uncooperative with his investigations.

Testifying on her own behalf, petitioner claimed that L.F. only accidentally touched the child because he was asleep at the time, but she admitted that she and L.F. had a history of domestic violence and that they had a history of breaking up and reuniting. She described one episode of domestic violence occurring after the inappropriate touching incident during which L.F. kicked petitioner in the head with such force that she required an ambulance. She claimed that she had not been involved with L.F. since that incident. At the conclusion of the hearing, the circuit court ruled from the bench, and by subsequent written order, that petitioner had neglected the child due to domestic violence in the home and petitioner's failure to cooperate with law enforcement or otherwise address her "ongoing behaviors," which constituted "at-risk behavior." At the hearing, the circuit court stated that it would not make any findings regarding the alleged sexual abuse.

---

[3]Witnesses explained that the child described her mother removing L.F.'s hand and stating "stop it" or "quit it."

The circuit court held a status hearing on November 5, 2014. Following that hearing, notwithstanding its previous ruling from the bench at the conclusion of the adjudicatory hearing, the circuit court entered a written, amended adjudicatory order that found that petitioner abused and neglected the child due to her continued contact with L.F. even after the incidents of alleged sexual abuse and domestic violence. Following the entry of the circuit court's amended adjudicatory order, petitioner filed motions for reconsideration thereof. The circuit court held a reconsideration hearing in January of 2015 and denied petitioner's motions for reconsideration. Petitioner now appeals the circuit court's order finding that she abused and neglected the child.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the finding that she abused and neglected the child. West Virginia Code § 49-1-3(1)(D) defines an "abused child" as one "whose health or welfare is harmed or threatened by . . . [d]omestic violence as defined in [West Virginia Code § 48-27-202]." In turn, West Virginia Code § 48-27-202 defines "domestic violence" as the "occurrence of one or more of the following acts between family or household members," which "acts" include "[a]ttempting to cause or intentionally, knowingly or recklessly causing physical harm to another[.]" We have previously recognized the West Virginia Legislature's finding, as codified in West Virginia Code § 48-27-101(a)(2), that "[c]hildren . . . may suffer deep and lasting emotional harm . . . from exposure to domestic violence." West Virginia Code § 49-1-3(11)(A)(i) defines a "neglected child" as one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, supervision, medical care or education[.]" It is clear from the evidence presented before the circuit court that the child witnessed and was, therefore, exposed to at least two acts of domestic violence, which included an episode during which L.F. kicked petitioner in the head such that she required an ambulance. A child need not be the physical target of domestic violence to suffer harm. Based on the evidence presented with regard to domestic violence, the DHHR clearly satisfied its burden to establish child abuse in this matter.

Moreover, testimony supports the finding that petitioner failed to protect the child from an inappropriate sexual touching or further exposure to the individual who committed the inappropriate sexual touching. While petitioner is correct that the circuit court orally stated from the bench that it would make no findings with regard to L.F.'s inappropriate touching of the child, the circuit court later amended its written order from that hearing to include findings related to that incident. Specifically, the circuit court found in its amended, written order that petitioner knew the incident occurred and that she failed to appreciate its significance or to prevent the child from further exposure to L.F. We have explained that "where a circuit court's written order conflicts with its oral statement, the written order controls." *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 106 n. 5, 459 S.E.2d 374, 383 n. 5 (1995). It is also clear that one episode of domestic violence occurred after L.F. inappropriately touched the child, which demonstrates that petitioner failed to prevent the child from further exposure to L.F. Given the instances of domestic violence and inappropriate touching at the hands of L.F. coupled with evidence that petitioner's relationship with L.F. was "on again and off again[,]" we find that the circuit court did not commit reversible error in finding that abuse and neglect existed at the time of the petition's filing. Under the circumstances of this case, the circuit court did not err in concluding that the evidence satisfied the definitions for abuse and neglect, pursuant to West Virginia Code § 49-1-3. We also note that petitioner ignores the child's significant absences from school, only some of which were excused absences, which created additional support for a finding of neglect.

Petitioner argues further that the circuit court's findings were clearly wrong because no neglect occurred at the time of the petition's filing. "W. Va. Code [§] 49-6-2(c) [1980], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syl. Pt. 1, in part, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted). In this case, petitioner correctly notes that a CPS worker testified that the domestic violence at issue occurred some months before the petition's filing. However, contrary to petitioner's argument, evidence demonstrated that her relationship with L.F. was "on-again and off-again," and the circuit court specifically found that petitioner continued her contact with L.F. after the initial instances of both the inappropriate touching and domestic violence. The circuit court also found that petitioner failed to acknowledge and understand the harm the inappropriate touching and domestic violence caused the child and that petitioner "continue[d] to have at-risk behaviors." Based on the record before this Court, we find no error in the circuit court's findings that continued conditions of abuse and neglect were present at the time of the petition's filing.

Petitioner's second assignment of error is that the circuit court erroneously limited her cross examination of a CPS worker in violation of Rule 608 of the West Virginia Rules of Evidence and in violation of the statutory requirement that an abuse and neglect petition be filed by a "credible person."[4] Although petitioner fails to indicate whether she relies on Rule 608(a) or

---

[4]The West Virginia Rules of Evidence were amended by order entered on June 2, 2014, with changes effective on September 2, 2014. The rule as set forth in the body of this decision was in effect at all times relevant to the issues set forth herein.

(b), it seems clear from the record on appeal that the circuit court applied Rule 608(b), which provides that "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Petitioner also fails to cite the specific statute requiring that an abuse and neglect petition be filed by a "credible person," but we have explained that West Virginia Code § 49-6-1(a) provides that

> [i]f the department . . . believes that a child is neglected or abused, the department . . . may present a petition setting forth the facts to the circuit court . . . . The petition shall be verified by the oath of some credible person having knowledge of the facts. The petition shall allege specific conduct including time and place, how such conduct comes within the statutory definition of neglect or abuse with references thereto, any supportive services provided by the department to remedy the alleged circumstances and the relief sought.

In reviewing a trial court's ruling on the exclusion of evidence, we held in syllabus point 2 of *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006) that "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion."

In this case, while petitioner argues that Rule 608 permitted her to introduce extrinsic evidence of a specific instance of conduct from 2012 to attack the credibility of the CPS worker, we find that the circuit court acted within its discretion in limiting petitioner's use of such extrinsic evidence. Petitioner does not argue that the CPS worker was convicted of any crime related to the 2012 federal investigation nor does she claim that the CPS worker was untruthful in any way in the 2012 federal investigation. It is unclear from petitioner's argument in what way the CPS worker lacked credibility with regard to her filing of the underlying petition due to her involvement in her husband's criminal proceedings in federal court. The circuit court was clearly within its discretion to apply Rule 608(b) and exclude petitioner's use of extrinsic evidence to attack the CPS worker's credibility for truthfulness. We further find that without more substantial evidence of the CPS worker's alleged lack of credibility to file the underlying abuse and neglect petition, the circuit court was within its discretion to determine that the 2012 federal investigation was irrelevant to the CPS worker's credibility and knowledge of the facts under West Virginia Code § 49-6-1(a). As noted above, the CPS worker was not convicted of any crime and petitioner failed to indicate how she was allegedly untruthful based on the 2012 federal investigation.

Petitioner's final two assignments of error relate to the circuit court's denial of her motions for reconsideration of the amended adjudicatory order. By these assignments of error, petitioner argues that the circuit court erred (1) in quashing several subpoenas served upon her potential witnesses for the reconsideration hearing held in January of 2015, and (2) in failing to provide her with DHHR employment/personnel files for the purposes of perfecting this appeal. Petitioner cites no law in support of her contentions with the limited exception of references to Rules 803 and 902 of the West Virginia Rules of Evidence. Notably, petitioner cites no authority, pursuant to West Virginia Code §§ 49-1-1 through 49-6-12 or any other applicable rule or case law, that she was entitled to pursue a reconsideration motion or to have a hearing on the merits of

such a motion for the circuit court to reconsider its November 7, 2014, amended order. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. It is an appellant's burden to show the error in judgment of which he complains. See Syl. Pt. 2, *W. Va. Dept. of Health & Hum. Res. Emps. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004).We find that petitioner has failed to satisfy her burden on appeal to demonstrate that she had a right to subpoena witnesses to a reconsideration hearing and a right to the DHHR's files for her appeal of an order denying reconsideration. As petitioner failed to prove that she had a right to reconsideration of the adjudicatory order in this abuse and neglect proceeding, her assignments of error related to that reconsideration must likewise fail. Therefore, we find no error with regard to the circuit court's quashing subpoenas for witnesses to appear and testify for a hearing when petitioner had no right to a hearing on her motion, and we find no error in the circuit court's failure to provide her with DHHR files to challenge the circuit court's reconsideration rulings when petitioner has no right to relief on reconsideration.

For the foregoing reasons, we find no error in the circuit court's November 7, 2014, amended order, and we hereby affirm the same.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II