**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0317** (Roane County 19-F-64)

**Michael John Smith,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael J. Smith, by counsel Matthew D. Brummond, appeals the order of the Circuit Court of Roane County, entered on April 16, 2020, denying his motions for acquittal and for a new trial after Mr. Smith was convicted of conspiracy to commit a felony and first-degree murder. Respondent State of West Virginia appears by counsel Patrick Morrisey and Lara K. Bissett.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith and his friend Alex Tawney left a party in a borrowed car in the early morning hours of November 18, 2018, and drove to the outskirts of Spencer, West Virginia to visit property owned by an acquaintance.  When Mr. Smith and Mr. Tawney arrived at the property, one of the men kicked open a cellar door that led to a sheltered area where a man named James Hall stayed. Mr. Hall was shot several times with a 9mm pistol (owned by Mr. Tawney) and struck with an axe. He died from these injuries. Mr. Smith and Mr. Tawney were indicted as codefendants in  Mr. Hall's death in May of 2019. Mr. Tawney entered a guilty plea as a second-degree principal to malicious assault and conspiracy after the fact, but Mr. Smith proceeded to trial by a jury and was found guilty of murder in the first degree. He moved for a judgment of acquittal and later for a new trial based on insufficient evidence, specifically citing the admission of prejudicial evidence. The circuit court denied these motions and sentenced Mr. Smith to imprisonment for life without the possibility of parole.

On appeal, Mr. Smith asserts a single assignment of error that raises two evidentiary

1

challenges. He argues, first, that he and Mr. Tawney were both present for the murder and both claimed innocence, and that no eyewitness account or physical evidence established which man shot or struck Mr. Hall. The assertion suggests that this evidence at trial was not sufficient to support his conviction. He argues, secondly, that the circuit court improperly permitted the State to elicit testimony that he "was hot[-]tempered and likely the aggressor."[1]

We begin with Mr. Smith's contention that no physical evidence implicated either him or Mr. Tawney in Mr. Hall's death, and find that the evidence presented at trial was indeed sufficient to support the conviction according to the following standard of review:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Foremost in the evidence establishing Mr. Smith's role in Mr. Hall's death was Mr. Tawney's testimony naming Mr. Smith as the murderer. Mr. Tawney explained that he left a party with Mr. Smith, believing that he (Mr. Tawney) had left his gun at the party. Mr. Tawney testified that when the two men arrived at the property, however, Mr. Smith produced Mr. Tawney's gun and began shooting toward the cellar door leading to Mr. Hall's dwelling. Mr. Tawney further testified that Mr. Smith directed him to retrieve an axe that was lying nearby, and that he complied before retreating to the car.[2] Mr. Smith has offered no reason that Mr. Tawney's testimony should not have been credited by the jury. A criminal defendant may be convicted on the uncorroborated testimony of his codefendant, and the trial court need only give a cautionary instruction in such instance if a cautionary instruction is requested by the defendant. Syl., *State v. Flack*, 232 W. Va. 708, 753 S.E.2d 761 (2013). Mr. Smith neither asserts that he requested the delivery of a cautionary instruction nor that the circuit court failed to give one, and we thus find that Mr. Tawney's

---

[1] Mr. Smith offers a single assignment of error, in two paragraphs. We understand the import Mr. Smith emphasizes by describing distinct matters unitarily; Mr. Smith essentially argues that even if the testimony of his codefendant is sufficient to sustain his conviction, the reliability of that uncorroborated evidence is totally degraded by the admission of other prejudicial evidence. Because each paragraph of Mr. Smith's assignment of error strikes on an independent and unique action of the trial court, we address these parts separately, while remaining mindful of the overarching concern expressed by Mr. Smith.

[2] Mr. Smith testified on his own behalf. He denied knowing that Mr. Hall lived in the cellar before Mr. Hall emerged that night, yelling at Mr. Smith and Mr. Tawney. Mr. Smith testified that it was Mr. Tawney who began shooting and that Mr. Tawney then retrieved the axe for his own use and attacked Mr. Hall.

testimony is nonproblematic to the conviction.

In addition to Mr. Tawney's testimony about the means of the murder, the State offered evidence that Mr. Smith had a motive to harm Mr. Hall.[3] A former officer with the Spencer Police Department testified that he arrested Mr. Smith in 2016, on information from Mr. Hall that Mr. Smith, a prohibited person, was in possession of a firearm. When arrested, Mr. Smith possessed both a firearm and illegal drugs, and he was indicted on charges related to that arrest. A West Virginia Department of Health and Human Resources child protective services worker then testified that the arrest and its circumstances led to the filing of an abuse and neglect petition, and ultimately the termination of Mr. Smith's parental rights. An acquaintance of Mr. Smith testified that Mr. Smith approached him in the fall of 2018 and asked for assistance in acquiring a .22 caliber rifle "to take care of a snitch problem" related to Mr. Smith's earlier arrest. He testified that Mr. Smith mentioned "five or six" names, including Mr. Hall's. A friend of Mr. Smith testified that Mr. Smith "had a problem" with Mr. Hall because Mr. Hall "had ratted him out on some guns or something in the past. . . ." She also testified that on the night of the party, before Mr. Hall's murder, she overheard Mr. Smith tell Mr. Tawney that "after he got done with the guy, that he would never hurt anybody ever again." Finally, a state police trooper testified that on the day following the murder, Mr. Smith posted a social media meme expressing, "Sometimes you've got to go back to the old you, just remind some people not to f—k with you, not to f—k with the new you."

The evidence described above is sufficient to convince a reasonable person of Mr. Smith's guilt beyond a reasonable doubt. But the factual evidence concerning Mr. Smith's prior arrest and subsequent loss of his parental rights is significantly intertwined, he argues, with testimony concerning Mr. Smith's "grudge" or "hard feelings" toward Mr. Hall, as well as testimony concerning Mr. Smith's quick temper. In the second portion of his assignment of error, Mr. Smith argues that he did not offer evidence concerning his character, and the State's evidence thus falls outside the permissible bounds of Rule 404(a) of the West Virginia Rules of Evidence, which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The circuit court had wide latitude to determine whether the evidence was permissible.

> "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

Syl. Pt. 2, *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006).

To begin this discussion, we note that the circuit court anticipated the possibility that the

---

[3] Prior to trial, the State gave notice of its intention to offer evidence of Mr. Hall's prior bad acts, more fully described in the body of this decision, under Rule 404(b) of the West Virginia Rules of Evidence. The circuit court conducted the appropriate inquiry and ruled that evidence concerning Mr. Smith's 2016 arrest could be offered to establish motive.

jury would misapply the prior bad acts evidence and gave the appropriate limiting instruction to the jury, as required by Syl. Pt. 2, *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994). But Mr. Smith asserts that there were two specific instances in which he objected to questioning by the State on the ground that the State sought testimony of improper character evidence. First, the prosecuting attorney asked a witness, "Did [Mr. Smith] hold a grudge?" The circuit court sustained the objection and struck the witness's affirmative answer. Second, while questioning Mr. Tawney on redirect examination about his history with Mr. Smith, the prosecuting attorney asked, "Did you see [Mr. Smith] lose his temper?" This question led Mr. Smith's counsel to state, "There was no question about murdering and being angry, and that's an improper question, and I object." The circuit court allowed the inquiry to continue. Beyond these two instances, Mr. Smith draws our attention to various characterizations made by the prosecuting attorney during his closing argument, including the representations that Mr. Smith was an "alpha male" who "does what he wants, and who remembers when people get in his way" and that Mr. Smith "remembers things [and is] not going to let people f—k with him." Mr. Smith did not object to statements offered in closing.

The first instance, in which the witness was asked about the likelihood that Mr. Smith held a grudge, was sufficiently addressed by the circuit court when it sustained Mr. Smith's objection and struck the witness's answer. Though Mr. Smith acknowledges that the circuit court ruled in his favor on the objection, he fails to argue that the circuit court's ruling was insufficient. Accordingly, we apply the longstanding precept that any "[e]rror in the admission of improper testimony, subject to cure by action of the court, is cured . . . , since the jury is presumed to follow the instructions of the court." Syl. Pt. 2, *Rice v. Henderson*, 140 W. Va. 284, 83 S.E.2d 762 (1954). The second instance described by Mr. Smith, which occurred on redirect examination and drew the objection that "there was no question about murdering and being angry[,]" is immaterial. This phrasing indicates, incontrovertibly, that counsel was objecting to the State's inquiry exceeding the scope of prior examination, and not to the eliciting of character evidence. Consequently, no relevant error was preserved for review because "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). In other words, Mr. Smith argues here about a different evidentiary error than was preserved by his trial counsel. Similarly, we find that Mr. Smith has failed to assert that he lodged the necessary objection to any comments made by the prosecuting attorney during the State's closing argument. For these reasons, we find that no reviewable error is before us and, furthermore, we discern no apparent error in the rulings of the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison

4

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING:**

Justice C. Haley Bunn