**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia, Plaintiff Below,
Respondent

**FILED**

June 22, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 14-0826 (Jackson County 14-F-42)

Douglas Williams, Defendant Below,
Petitioner

**MEMORANDUM DECISION**

Petitioner, Douglas Williams, by counsel, Lee F. Benford, II, appeals his jury conviction for two counts of domestic battery. The Circuit Court of Jackson County, by order entered on July 1, 2014, sentenced petitioner to confinement in the penitentiary for a period of not less than one year nor more than five years on each count, and the circuit court ordered the sentences to run consecutively. Petitioner requests that the Court reverse the order entered by the circuit court and grant him a new trial. The State, by counsel, Kennad L. Skeen, II, filed a response to petitioner's brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the evidence at trial, petitioner was living with C.T.[1] at her residence in Kenna, West Virginia. Residing with the couple were four children, including C.T.'s thirteen-year-old daughter, B.S. On the evening of January 28, 2014, a 911 call was placed regarding a physical attack by petitioner. That evening, the couple was drinking in the home when an altercation arose between them, which resulted in a physical attack upon C.T. C.T. testified at trial that petitioner first smacked her in the face; however, a letter written by petitioner to C.T. (hereinafter "the letter") was also offered into evidence. In the letter, petitioner wrote that C.T. initiated the physical contact between them when she slapped a drink out of his hand. C.T. testified that following the initiation of the altercation, B.S. intervened, at which time petitioner grabbed B.S. by the back of the hair of the head and put her face to the floor.[2] Jackson County Sheriff's Deputy, George Burnem, testified at trial that when he arrived at the scene, he noticed that C.T.

---

1 *See* W. Va. R. App. P. 40(e) ("In order to protect the identities of juveniles and in order to avoid unnecessary distribution of personal identifiers . . . [i]nitials or a descriptive term must be used instead of a full name in: cases involving juveniles, even if those children have since become adults; cases involving juveniles . . . .").

2 In the letter, petitioner denied that he beat or punched B.S. and indicated that all he did was "grab her by the hair, because she almost broke [his] finger and was clawing [his] face and biting [him]."

1

was bleeding and had a "ripped" lip, as well as some red markings around her neck. He testified further that B.S. had a visible welt on her head. Shortly thereafter, petitioner was arrested and taken into custody.

During the February 2014 term of the Circuit Court of Jackson County, a three count indictment was returned by the grand jury charging petitioner with two felony counts of domestic battery, third offense, and one felony count of child abuse resulting in bodily injury. On April 30, 2014, a Jackson County jury returned guilty verdicts on the counts of domestic battery, but found petitioner not guilty on the child abuse count. By order entered July 1, 2014, the circuit court sentenced petitioner to confinement in the penitentiary for a period of not less than one year nor more than five years on each count and ordered the sentences to run consecutively. This appeal followed.

Generally,

> [i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit courta's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Additional standards of review as they pertain to the specific assigned errors are incorporated below.

Petitioner argues that the circuit court erred: 1) in refusing to give self-defense instructions to the jury as offered by petitioner; 2) by admitting a letter into evidence at trial, which was sent by petitioner to the alleged victim in count one of the subject indictment, C.T., without first redacting out certain phrases as requested by petitioner in pretrial motion; 3) in limiting petitioner's cross-examination of B.S., the alleged victim in count two of the subject indictment; and 4) in denying petitioner's motion at sentencing to order that his sentences run concurrently and not consecutively. For the reasons set forth below, we conclude that the circuit court committed no error.

Petitioner first argues that the circuit court erred in refusing to give a self-defense instruction to the jury as offered by petitioner. Petitioner contends that he was not the aggressor in the altercation that gave rise to the charges here, and, accordingly, petitioner asserts that the jury should have been instructed on the law of self-defense.

This Court held in Syllabus Point 12 of *State v. Derr* 192 W. Va. 165, 451 S.E.2d 731 (1994), that "[w]hether facts are sufficient to justify the delivery of a particular instruction is reviewed by this Court under an abuse of discretion standard. In criminal cases where a conviction results, the evidence and any reasonable inferences are considered in the light most favorable to the prosecution."

Here, the circuit court's refusal to give a self-defense instruction to the jury is not grounds for reversal of the circuit court's decision because there was no competent evidence offered to justify such an instruction. The sole evidence in support of petitioner's claim of self-defense is a letter sent to C.T. (hereinafter "the letter"), which petitioner wrote after the commission of the crime while sitting in jail, wherein petitioner states that the victims were the aggressors. Further, at trial, petitioner did not testify to self-defense or offer other witnesses in support of his claim. Allowing defendants to draft their own self-serving evidence after the fact of the crime is clearly bad policy and should not be accorded weight.

The self-defense instruction requested by petitioner, therefore, was not justified by sufficient evidence, and the circuit court's refusal to give a self-defense instruction to the jury does not constitute an abuse of discretion.

Second, petitioner argues that the circuit court erred by admitting the letter into evidence at trial without first redacting out certain phrases as requested by petitioner in a pretrial motion. Although petitioner filed a pretrial motion requesting that such information be redacted from the letter, the letter was offered into evidence at trial in its entirety. Petitioner asserts that the letter contained information that indicated that petitioner had committed prior bad acts unrelated to the instant charges, which constituted Rule 404(b) evidence and should have been excluded pursuant to the West Virginia Rules of Evidence. *See* W.Va. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

This court held in Syllabus Point 2 of *State v. Doonan,* 220 W. Va. 8, 640 S.E.2d 71 (2006) that:

> "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. pt. 10, State v. Huffman, 141 W. Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W. Va. 435, 452 S.E.2d 893 (1994).

Here, the information in the letter sought to be redacted by petitioner did not constitute Rule 404(b) evidence, because the letter was not offered to prove petitioner's bad character. Instead, the letter was introduced because of its glaring admissions by petitioner. *See* Syl. Pt. 4, *State v. Clark*, 175 W. Va. 58, 331 S.E.2d 496 (1985) ("A criminal defendant's confessions or admissions have historically been admitted in evidence to prove the truth of the matters asserted therein as an exception to the hearsay rule, subject to an initial inquiry that the defendant's constitutional rights were not violated and the statements were freely and voluntarily made.").

Further, the information is intrinsic in nature, and the portions of the letter that hint to prior bad acts by petitioner are inextricably intertwined with necessary portions of the letter. *See State v. LaRock*, 196 W. Va. 294, 312 n.29, 470 S.E.2d 613, 631 n.29

(1996) ("'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged.") If the evidence is intrinsic, it "should not be suppressed when those facts come in as *res gestae*." *Id.*

The circuit court did not abuse its discretion in admitting the letter into evidence without first redacting out certain phrases as requested by petitioner.

Third, petitioner asserts that the circuit court erred in limiting petitioner's cross-examination of B.S. Petitioner asserts that the circuit court improperly interfered and prevented petitioner's counsel from fully cross-examining B.S., when a side-bar was called in the middle of counsel's confrontation of the witness. Petitioner contends that his opportunity to cross-examine B.S. did not constitute a full and fair cross-examination as contemplated by *State v. Crockett*, 164 W. Va. 435, 455 S.E.2d 268 (1994),[3] and further, that petitioner was offered an inadequate opportunity to cross-examine B.S.

This court held in Syllabus Point 12 of *State v. McIntosh*, 207 W. Va. 561, 566, 534 S.E.2d 757, 762 (2000) that:

> "'The extent of the cross-examination of a witness is a matter within the sound discretion of the trial court; and in the exercise of such discretion, in excluding or permitting questions on cross-examination, its action is not reviewable except in the case of manifest abuse or injustice.'" Syl. pt. 4, *State v. Carduff*, 142 W. Va. 18, 93 S.E.2d 502 (1956).

Here, the circuit court paused cross-examination when the witness began to cry, and the judge asked petitioner's counsel to submit a list of the rest of the questions he wanted to ask the witness. The circuit court then permitted petitioner to ask all the questions he wanted. Any limitation imposed by the circuit court upon petitioner's cross-examination of B.S. was intended to prevent harassment to the victim on the stand. The circuit court's management of petitioner's cross-examination of B.S. did not constitute an abuse of discretion.

Finally, petitioner argues that the circuit court erred in denying petitioner's motion at sentencing to order that his sentences run concurrently and not consecutively. Petitioner avers that the imposition of consecutive and nonconcurrent one- to five-year prison sentences for each count charged against petitioner is excessive and disproportionate. Petitioner supports his argument by asserting that neither of the victims received serious injuries, and notes that the jury found petitioner not guilty of child abuse to B.S.

This court held in Syllabus Point 1 of *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010) that:

---

3 See *Crockett*, at 435, 455 S.E.2d at 268, Syl. Pt. 1 (providing that "[a] defendant on trial has the right to be accorded a full and fair opportunity to fully examine and cross-examine the witnesses.").

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a de novo review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

The circuit court is permitted to order sentences to run consecutively, pursuant to West Virginia Code section 61-11-21. Further, West Virginia Code section 61-11-21 provides that consecutive sentencing is the default order, unless the circuit court expressly provides that the sentences run concurrently.

Here, the circuit court ordered that the sentences run consecutively. The circuit court's order requiring petitioner to serve his sentences consecutively is permissible under West Virginia Code section 61-11-21, and does not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's July 1, 2014, order.

Affirmed.

ISSUED: June 22, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II