# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0646** (Harrison County 16-F-140-3)

**R.M.,**
**Defendant Below, Petitioner**

**FILED**

**October 10, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner R.M.[1], by counsel Jason T. Gain and Ryan C. Shreve, appeals the judgment order of the Circuit Court of Harrison County, entered on June 23, 2017, sentencing him to consecutive terms of imprisonment in the West Virginia State Penitentiary of ten to twenty-five years upon his conviction of second-degree sexual assault and twenty-five to one-hundred years upon his conviction of first-degree sexual assault, with the second of those terms to run concurrently with terms of imprisonment of ten to twenty years for each conviction of five counts of sexual abuse by a parent, guardian, or custodian; five to fifteen years for each conviction of five counts of incest; and terms of imprisonment of twenty-five to one hundred years for each of conviction of three additional counts of first-degree sexual assault. Respondent State of West Virginia appears by counsel Scott E. Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in the Circuit Court of Harrison County in 2016 for long-term misconduct against his minor daughters, K.M. and M.M. Prior to trial, petitioner filed a motion in limine seeking to exclude cumulative testimony. Specifically, he argued that psychologist Tammy Hamner, child advocate Anne Sheehan, investigating officer Cpl. Martin Bailey, nurse Margaret Howe-White, and school counselor Jessica McGlumphy—all witnesses identified by the State—and a letter written by K.M., the forensic interview of M.M. and K.M., and a "book"

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

written by M.M. in the course of treatment, would be used in attempt to bolster M.M.'s and K.M.'s testimony. The circuit court denied that motion.

At trial, the testimony of the witnesses listed above, together with that of the two victims, established that petitioner forced sexual contact, including oral, anal, and vaginal penetration, on his daughters on multiple occasions over several years. Pertinent to this appeal, defense counsel elicited testimony from Ms. Sheehan that M.M. reported during her interview at the Harrison County Child Advocacy Center that petitioner also sexually abused the girls' younger brother, A.M., and that he forced at least M.M. to engage in sexual acts with A.M. However, Ms. Sheehan acknowledged that A.M. denied having been abused by petitioner. M.M. testified after Ms. Sheehan, but she did not testify about abuse involving her brother. Nevertheless, petitioner sought to impeach her credibility with her report of A.M.'s abuse to Ms. Sheehan during her interview. The circuit court prohibited defense counsel from asking M.M. about her reported allegation concerning her brother. No crimes against A.M. were charged in the indictment, and petitioner thus was convicted only of abuse inflicted on his daughters.

Petitioner was sentenced as described above. On appeal, he asserts three assignments of error. He asserts that the circuit court erred in: (1) excluding "impeachment" evidence of inconsistencies in M.M.'s testimony; (2) denying petitioner's motion in limine to exclude cumulative testimony; and (3) qualifying certain expert testimony. As we explained in *State v. Guthrie*, 205 W. Va. 326, 332, 518 S.E.2d 83, 89 (1999):

> "'Rulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599, (1983)." Syl. pt. 2, *State v. Peyatt*, 173 W.Va. 317, 315 S.E.2d 574 (1983). However, "to the extent the circuit court's ruling turns on an interpretation of [the] *West Virginia Rules of Evidence*, our review is plenary." *State v. Quinn*, 200 W.Va. 432, 435, 490 S.E.2d 34, 37 (1997) (citing *State v. Sutphin*, 195 W.Va. 551, 560, 466 S.E.2d 402, 411 (1995)).

We begin with petitioner's first assignment of error, wherein he argues that he was denied the right to impeach M.M. with her report of A.M.'s abuse. He argues that the circuit court wrongly foreclosed his inquiry because he failed to provide pretrial notice pursuant to Rule 412(c) of the West Virginia Rules of Evidence. He argues that Rule 412(c) requirements should not have been imposed on him because the evidence he wished to elicit does not fall within the specific prohibitions of Rule 412.[2] We disagree. M.M. reported that she was forced to engage in

---

[2] Rule 412 provides, in part:

(a) Prohibited Uses. The following evidence shall not be admissible in a civil or criminal proceeding involving alleged sexual misconduct:
(1) evidence offered to prove that a victim engaged in other sexual behavior;
(2) evidence offered to prove a victim's sexual predisposition; or
(continued . . .)

sexual relations with her brother. Thus, the evidence petitioner sought to introduce directly implicated her sexual history, and it is irrelevant that it was a history that she did not choose. We have applied Rule 412 broadly to protect abuse victims from the disclosure of prior abuse perpetrated against them. As we have explained:

> This evidence strikes at the heart of what Rule 412(a)(1) and Rule 412(a)(3) are designed to prevent from being introduced at a trial. *See United States v. Bordeaux*, 400 F.3d 548, 558 (8th Cir. 2005)(noting that "the purpose of [Rule 412(a)] is to protect the alleged victims of sexual assault from harassment or embarrassment"); *United States v. Gardner*, No. 16-cr-20135, 2016 WL 5404207, at *2 (E.D. Mich. Sept. 28, 2016)("MV-1 was under 18 in October 2015, and thus qualifies as an underage victim to whom Rule 412's protections are especially important."); *People v. Arenda*, 416 Mich. 1, 13, 330 N.W.2d 814, 818 (1982) ("These children and others are the ones who are most likely to be adversely affected by unwarranted and unreasonable cross-examination into these areas. They are among the persons whom the [rape shield] statute was designed to protect."). Indeed, in the context of this case "[t]here is nothing more intimate than childhood sexual abuse, and nothing as potentially devastating to a [victim] than to have that abuse publicly exposed." Andrea A. Curcio, *Rule 412 Laid Bare: A Procedural Rule That Cannot Adequately Protect Sexual Harassment Plaintiffs from Embarrassing Exposure*, 67 U. Cin. L. Rev. 125, 155-56 (1998).

*State ex rel. Harvey v. Yoder*, 239 W. Va. 781, 785, 806 S.E.2d 437, 441 (2017).

---

(3) evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct and reputation evidence of the victim's sexual conduct in any prosecution in which the victim's lack of consent is based solely on the incapacity to consent because such victim was below a critical age, mentally defective, or mentally incapacitated.
(b) Exceptions.
(1) Criminal Cases. The court may admit the following evidence in a criminal case:
. . . (C) evidence of specific instances of the victim's sexual conduct with persons other than the defendant, opinion evidence of the victim's sexual conduct and reputation evidence of the victim's sexual conduct solely for the purpose of impeaching credibility, if the victim first makes his or her previous sexual conduct an issue in the trial by introducing evidence with respect thereto; . . . .
(c) Procedure to determine admissibility.
(1) Motion. If a party intends to offer evidence under Rule 412(b), the party must:
(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
(B) do so at least 14 days before trial unless the court, for good cause, sets a different time;
(C) serve the motion on all parties; and
(D) notify the victim or, when appropriate, the victim's guardian or representative. . . .

Under the provisions of Rule 412(b) and (c), however, petitioner could have sought the circuit court's permission to use evidence of M.M.'s earlier report for impeachment purposes. To do so, he was required to file a motion with the court fourteen days before trial "that specifically describe[d] the evidence and state[d] the purpose for which it [was] to be offered." He did not do so. Petitioner argues that he should have been relieved of this obligation for good cause. Petitioner has not demonstrated good cause. Petitioner was aware prior to trial that M.M. had reported her brother's abuse to Ms. Sheehan, and he was aware that A.M. denied to Ms. Sheehan that he was abused. In fact, it was defense counsel who raised the question of M.M.'s report of her brother's abuse when cross-examining Ms. Sheehan at trial. Under these circumstances, we find no error.

We turn to petitioner's second assignment of error, wherein he argues that the circuit court allowed the State to present cumulative evidence. Rule 403 of the West Virginia Rules of Evidence permits a trial court to exclude relevant evidence that is more prejudicial than probative because the evidence constitutes a "needless presentation of cumulative evidence." In reviewing a trial court's decision to admit or exclude evidence pursuant to Rule 403, we apply an abuse of discretion standard:

> "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

Syl. Pt. 2, *State v. Doonan*, 220 W. Va. 8, 640 S.E.2d 71 (2006). We disagree that the State's evidence from its various witnesses was cumulative. K.M. and M.M. were victims of long-term, ongoing sexual abuse, and the investigation of such abuse is multi-faceted and sequential. In this case, the victims' mother testified that she became aware of the abuse through a letter written to her by K.M. Her receipt of that letter prompted her to contact the Department of Health and Human Resources, which in turn referred the girls to the Child Advocacy Center, where they were interviewed by Ms. Sheehan. Corporal Bailey was present for that interview, and information he gathered there led him to collect medical records that were pertinent to his investigation. K.M.'s letter and each of these witnesses represent a link in the investigation explaining the progression of events. Furthermore, the testimony of Ms. McGlumphy (the victim's school counselor) was brief and related no details about the sexual abuse allegations, and the testimony of Ms. Hamner (the child psychologist) was offered, as explained below, to show that the victims exhibited characteristics common to abuse victims. Ms. Hamner's testimony was thus unique from that of the factual witnesses. Accordingly, we find that the circuit court did not abuse its discretion.

Finally, we address petitioner's third assignment of error, wherein he argues that the circuit court failed to ensure that the testimony of Ms. Hamner, a child psychologist who testified that M.M. and K.M. exhibited characteristics common to victims of childhood sexual abuse, was soundly based in accepted scientific methodology. Petitioner argues that Ms. Hamner's testimony is problematic in that he was denied voir dire concerning the scientific methodology

4

underlying her opinion. This denial, he argues, is contrary to *Gentry v. Mangum*, 195 W. Va. 512, 515, 466 S.E.2d 171, 174 (1995). In syllabus point 4 of that case, we held:

> When scientific evidence is proffered, a circuit court in its "gatekeeper" role under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Wilt v. Buracker*, 191 W.Va. 39, 443 S.E.2d 196 (1993), *cert. denied*, [511] U.S. [1129], 114 S.Ct. 2137, 128 L.Ed.2d 867 (1994), must engage in a two-part analysis in regard to the expert testimony. First, the circuit court must determine whether the expert testimony reflects scientific knowledge, whether the findings are derived by scientific method, and whether the work product amounts to good science. Second, the circuit court must ensure that the scientific testimony is relevant to the task at hand.

We also have held, however:

> Expert psychological testimony is permissible in cases involving incidents of child sexual abuse and an expert may state an opinion as to whether the child comports with the psychological and behavioral profile of a child sexual abuse victim, and may offer an opinion based on objective findings that the child has been sexually abused.

Syl. Pt. 7, in part, *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). The State conducted voir dire, and Ms. Hamner was qualified as an expert in the field of child psychology, particularly with respect to childhood sexual abuse. Ms. Hamner's demonstrated qualifications, together with our long-held acceptance of expert psychological testimony in these cases, satisfied the presumption that Ms. Hamner had the appropriate knowledge and derived her opinions from "good science" as required by *Gentry*.[3] With respect to the second task, it is apparent that the testimony was relevant. We find that the circuit court met its obligations, and there is no error.

_____

[3] We note that petitioner did not request a pretrial hearing to evaluate the methodology, and that the issue was first raised by counsel during voir dire, after the State assessed Ms. Hamner's qualifications. At that point, counsel informed the circuit court only that he would "object to her qualifications." He stated that he did not believe "the proper foundation [was] laid" for Ms. Hamner's testimony. Because psychological testimony is widely accepted for the purposes it was offered here, these circumstances would not prompt the circuit court to go further in its gate-keeping function.

> *Daubert*/*Wilt* does not advise a circuit court as to what circumstances trigger *in limine* screening pursuant to Rule 104(a) and (c) or the nature of an *in limine* hearing. To be clear, we do not suggest that every time an issue of scientific evidence appears in a case, a lengthy *in limine* hearing should be held. Actually, most scientific validity issues will be resolved under judicial notice pursuant to Rule 201.11. Indeed, most of the cases in which expert testimony is offered involve only qualified experts disagreeing about the interpretation of data that was obtained through standard methodologies. *Daubert*/*Wilt* is unlikely to

(continued . . .)

5

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 10, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

---

impact upon those cases. Therefore, circuit courts are right to admit or exclude evidence without "reinventing the wheel" every time by requiring parties to put on full proof of the validity or invalidity of scientific principles. Where judicial notice is appropriate, the circuit court should use it.

*Gentry*, 195 W. Va. at 522, 466 S.E.2d at 181.

6